## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN CARMICHAEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY POLICE DEPARTMENT, a governmental entity,<br><br>COUNTY OF CAMDEN, a governmental entity,<br><br>CITY OF CAMDEN, a governmental entity,<br><br>OFFICER JESSE ZACHINELLI, in his official capacity, and<br><br>JOHN DOE OFFICERS 1- 10 (fictitious individuals) and<br><br>ABC ENTITIES 1-10 (fictitious entities),<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff STEVEN CARMICHAEL (here in after "Plaintiff"), by and through his attorneys, Lento Law Group, P.C., by way of Plaintiff's Complaint, brings this action for damages and other legal and equitable relief against Defendants CAMDEN COUNTY POLICE DEPARTMENT, COUNTY OF CAMDEN, CITY OF CAMDEN, OFFICER JESSE ZACHINELLI, JOHN DOE OFFICERS 1-10 (fictitious individuals), and ABC ENTITIES 1-10 (fictitious entities), in their official capacity, jointly, severally, or in the alternative, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

Steven Carmichael
1636 Kolo Street
Camden, New Jersey 08104

Camden County Police Department
800 Federal Street,
Camden, NJ 08103

County of Camden
c/o County Administrator Ross Angilella
520 Market Street
Camden, NJ 08102

City of Camden
520 Market Street,
Camden, NJ 08101

Officer Jesse. Zachinelli
800 Federal Street,
Camden, NJ 08103

John Doe Officers 1-10
800 Federal Street,
Camden, NJ 08103

## JURISDICTION AND VENUE

1.      This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights

secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§

1331.

3.      This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant

to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form

part of the same case or controversy and arise out of a common nucleus of operative fact.

4.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as upon information and belief, all Defendant individuals are employed in this district with the Camden County Police Department and the incident occurred in this district at the Camden Waterfront Fishing.

## PARTIES

1.      At all times relevant herein, Plaintiff STEVEN CARMICHAEL, is an adult resident citizen of Camden, New Jersey, with a residential address as above.

2.      At all times relevant herein, Defendant CAMDEN COUNTY POLICE DEPARTMENT, is a governmental agency run by Defendant CITY OF CAMDEN, and which is headquartered in Camden County, New Jersey, and located at 800 Federal Street, Camden, NJ 08103.

3.      At all times relevant herein, and upon information and belief, Defendant COUNTY OF CAMDEN is the governmental entity responsible for the operations, management, oversight of Officers and the Police Department within the County of Camden in the State of New Jersey, and has a central office believed to be located at 520 Market Street, Camden, NJ 08101.

4.      At all times relevant herein, and upon information and belief, Defendant CITY OF CAMDEN is the governmental entity responsible for the operations, management, oversight of Officers and the Police Department within the City of Camden in the State of New Jersey, and has a central office believed to be located at 520 Market Street, Camden, NJ 08101.

5.      At all times relevant herein, and upon information and belief, Defendant OFFICER JESSE ZACHINELLI, is a police officer within the CAMDEN COUNTY POLICE DEPARTMENT, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant Officer Jesse Zachinelli acted under color of State law and in his official capacity.

6.     At all times relevant herein, and upon information and belief, Defendant JOHN DOE OFFICERS 1-10 (first and last names unknown to Plaintiff at present), are police officers within the CAMDEN COUNTY POLICE DEPARTMENT, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant John Doe Officers 1-10 acted under color of State law and in their official capacity. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

7.     At all times relevant herein, and upon information and belief, Defendant ABC ENTITIES 1-10 (fictitious entities) are believed to be entities whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

## GENERAL FACTUAL ALLEGATIONS

8.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

9.     On or about August 19, 2020, Plaintiff and some friends were at the Camden Waterfront fishing.

10.     Defendant Camden Metropolitan Police Officer, Officer Jesse Zachinelli pulled up on Plaintiff and his friends and asked them to disperse.

11.     Plaintiff and the Defendant Officer exchanged words, and after Officer Zachinelli ran everyone's vehicle tags, ultimately, they did leave.

12.     The following day, August 20, 2020, Plaintiff and his friends returned to the waterfront, and as before, Defendant Officer Zachinelli pulled up and told them to leave as they were trespassing.

13.     Plaintiff said to the Defendant Officer, "How are we trespassing, this is a public park?"

14.     Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car as he told the officer, "OK I'll leave."

15.     Defendant Officer Jesse Zachinelli then changed his tune from asking Steven to leave, to now saying, "you can't leave, this is a compelled stop."

16.     Plaintiff asked him what a compelled stop was, but Defendant Officer Jesse Zachinelli didn't answer, and instead continued to grab Plaintiff's arm the entire walk to the back of Plaintiff's vehicle.

17.     At this point, several other Defendant John Doe Officers on scene and Officer Zachinelli (together, hereinafter the "Defendant Officers") grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

18.     Defendant John Doe Officers cuffed Plaintiff, put a COVID-19 mask on him, and put him into the back of a police car.

19.     Once Defendant Officer Jesse Zachinelli and Plaintiff got to the police station, Defendant Officer Jesse Zachinelli shut off the vehicle and left Plaintiff in the back of the car without the air conditioning, as he got out to speak to another officer.

20.     Plaintiff expressed multiple times that he could not breath with the August heat and the COVID-19 mask on, and asked Defendant Officer Jesse Zachinelli to turn the air conditioner back on, however, he ignored Plaintiff.

21.    After about 5-10 minutes of yelling that he could not breathe, another officer nearby saw that Plaintiff was in distress and ran over to open the car door.

22.    When the officer opened the door, Plaintiff fell out of the car in distress.

23.    Steven was subsequently charged with disorderly conduct and released that same day.

24.    Camden County Police Department never called EMS or got medical attention for Steven, and instead he presented that night at Cooper Hospital.

25.    No probable cause or reasonable suspicion existed to arrest and detain Plaintiff.

26.    The unlawful arrest and detainment of Plaintiff was done in blatant violation of the Fourth Amendment.

27.    The force used on Plaintiff was excessive and done in blatant violation of the Fourth Amendment.

28.    The actions of the Defendant Officers not only violated Mr. Carmichael's constitutionally-protected rights, but caused him great physical and emotional pain and injury.

<u>**COUNT I**</u>
<u>**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**</u>
<u>**(Fourth Amendment – Unlawful Detainment & Arrest)**</u>
**(As to the Defendant Officers)**

29.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

30.    The Fourth Amendment requires police officers to have articulable reasonable suspicion before detaining a criminal suspect.

31.    The Fourth Amendment requires police officers to have probable cause before placing a criminal suspect under arrest.

32.     At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, and unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

33.     At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

34.     Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

35.     Camden Waterfront is public property, and thus, that Plaintiff was not trespassing by being there.[1]

36.     Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

Defendant Officers intentionally detained and arrested Plaintiff without a legally valid reason.

37.     Defendants Officers' actions constituted an unlawful arrest of Plaintiff.

38.     The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.     As a direct and proximate result of the illegal and unconstitutional acts of the Defendant Officers, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

---

[1] https://visitnj.org/article/camden-waterfront

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)
### (As to the Defendant Officers)

40.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

41.     The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

42.     Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

43.     Defendant Officer Zachinelli then grabbed Plaintiff's arm and walked him back to his car.

44.     After they returned to the car Defendant John Doe Officers 1-10 on scene and Officer Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

45.     Plaintiff was not a threat to Defendant Officer Zachinelli's safety, the safety of John Doe Officers 1-10, or the safety of anyone else present.

46.     Plaintiff was not acting aggressive at the time of the incident.

47.      At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

48.     The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

49.     Plaintiff had not committed any illegal act when encountered by Defendant Officers at the Camden Waterfront, fishing.

50.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

51.    Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently handcuffed and slammed Plaintiff o not the car without any lawful basis.

52.    Defendant Officers' actions constituted excessive force.

53.    The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.    As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Malicious Prosecution)
### (As to the Defendant Officers)

55.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

56.    The Fourth Amendment requires police officers to possess sufficient probable cause before charging a criminal suspect with a crime.

57.    Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently arrested Plaintiff and initiated criminal proceedings against him when they took him to jail and charged him with disorderly conduct.

58.    Defendant Officers' arrest and initiation of this criminal charge against Plaintiff was without sufficient probable cause, legal justification, just cause, or any other legally valid reason.

59.     Defendant Officers' initiation of this criminal charge against Plaintiff was done with malice and bad faith where Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

60.     The criminal charge against Plaintiff were terminated in his favor when it was dismissed.

61.      As a result of Defendants' malicious prosecution of Plaintiff, he has suffered and continues to suffer damage including, but not limited to, physical injuries, embarrassment, mental anguish, emotional distress, and costs and attorney fees.

**COUNT IV**
**§ 1983 VIOLATION – 8th Amendment Claim**
**CRUEL AND UNUSUAL PUNISHMENT**
**(As to All Defendants)**

62.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

63.     The cruel and unusual punishment by the Defendants named in this count led to harm to Plaintiff.

64.     Defendant Officer Zachinelli, specifically, left Plaintiff in a hot police vehicle where he could barely breath, with no air conditioning, while Defendant Officer Zachinelli got out to speak to another officer.

65.     Plaintiff expressed multiple times that he could not breath with the August heat and the COVID-19 mask on, and asked Defendant Officer Jesse Zachinelli to turn the air conditioner back on; however, he ignored Plaintiff.

66.     Defendant Officers used excessive force slamming Plaintiff onto the car in handcuffs.

67.     Defendant Officers falsely arrested Plaintiff since the Camden Waterfront is public property, and thus, the Plaintiff was not trespassing by being there.

68.     After about 5-10 minutes of yelling that he could not breathe, another officer nearby saw that Plaintiff was in distress and ran over to open the car door.

69.     When the officer opened the door Plaintiff fell out of the car in distress.

70.     Forcing Plaintiff to sit in the back of a hot police car where Defendant know he could barely breath with no air conditioning was cruel and unusual punishment, in violation of Plaintiff's 8th Amendment.

71.     Defendant Officer Jesse Zachinelli was an employee and agent of Defendant Camden County Police Department, which is controlled by Defendants County of Camden and City of Camden.

72.     All of the defendants listed in this count acted under the color of state law in their actions with regard to this case.

73.     Their actions deprived Plaintiff of his rights and led to his harm.

74.     Defendants in this count knew that Plaintiff was in present danger, as they were specifically told, but deliberately chose to lock Plaintiff in a hot car with no air conditioning which would reasonably be known to pose a danger to him, which constitutes a violation of Plaintiff's 8th Amendment right to be free from cruel and unusual punishments.

75.     There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by the lack of air conditioning in a hot car.

76.     Plaintiff would not have suffered the same harm and would have been completely protected if Defendants had not chosen to lock him into an enclosed space with no air conditioning; that is if Defendant had left the air conditioning on Plaintiff would not have suffered distress and possibly blacked out.

77.    Since the Defendants knew of the facts that indicated a substantial risk to Plaintiff and chose to force him into that situation, anyway, thus violated the Eight Amendment to the United States Constitution by subjecting Plaintiff to cruel and unusual punishment.

**COUNT V**
**§ 1983 VIOLATION – 8th Amendment Claim**
**FAILURE TO INTERVENE**
**(As to All Defendants)**

78.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

79.    The failure to intervene by all Defendants led to harm to Plaintiff.

80.    As explained in Count IV, *supra*, Defendants were subjecting Plaintiff to an 8th Amendment violation, namely, cruel, and unusual punishment, by forcing him to sick in a locked police car with no air conditioning.

81.    Neither Defendant Camden City Police Department, nor any officer thereof, intervened to stop this 8th Amendment violation, nor did these Defendants get Plaintiff medical care for his apparent injuries and distress.

82.    All of the Defendants acted under the color of state law in their actions with regard to this matter.

83.    Their actions deprived Plaintiff of his rights and led to his harm.

84.    Each of the Defendants named in this count knew that the other Defendants herein were violating Plaintiff's 8th Amendment rights.

85.    Since the herein named Defendants knew of the facts that indicated an ongoing 8th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 8th Amendment violation, they failed to protect him from being locked in a hot

police car with no air conditioning and treating him for his sustained injuries from excessive force upon seeing them,  and thus caused a further 8th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff.

**COUNT VI**
***MONELL* CLAIM**
**FAILURE TO TRAIN AND SUPERVISE**
**(As to Defendants County of Camden, City of Camden, and the Camden County Police Department)**

86.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

87.     Under the 4th Amendment, Plaintiff has a clearly established right to be free from excessive force and false arrest.

88.     Under the 8th Amendment, Plaintiff has a clearly established right to be free from cruel and unusual punishment, which includes the right to not be forced to sit in a locked police car without air conditioning.

89.     Defendants County of Camden, City of Camden, and Camden County Police Department are each responsible, individually and collectively, for the management and or operations of the Camden County Police Department and their employed officers, including the Defendants Officers herein. This includes carrying out duties that are entrusted to them, including protecting those arrested.

90.     As such, these Defendants had a duty, among other things, to ensure that the employees, agents, and/or workers who staff the Camden County Police Department are adequately and properly trained and supervised so as to perform their job functions properly without exhibiting dangerous characteristics, behaviors, tendencies, or customs which would otherwise endanger those arrested.

91.     Defendants County of Camden, City of Camden, and Camden County Police Department, knew or had reason to know, given adequate and proper supervision, that the employees, agents, and/or workers who staff the Camden County Police Department, specifically Defendant Officer Zachinelli and Defendant Officers John Doe 1-10, were inadequately and inappropriately trained and/or were inadequately and inappropriately supervised with respect to their respective job duties and functions.

92.     It is reasonably foreseeable that officers, such as the Defendant Officers, who are inadequately and inappropriately trained to diligently transport detainees, could pose a risk of harm to detainees present in their police car who may, therefore, come into contact with said condition.

93.     It is also reasonably foreseeable that the staff who are inadequately and inappropriately supervised to ensure compliance with any such training as aforesaid may not then abide by such training, and may, therefore, not diligently transport detainees, and could pose a risk of harm to detainees in their vehicle.

94.     Defendants owe such detainees, including the Plaintiff, a heightened duty of care given the special relationship which exists between them as a detainee, and given that Plaintiff was, at all times relevant, in the exclusive care, custody, and control, of the Defendants listed in this count.

95.     Unfortunately, the herein named Defendants failed to exercise due care in ensuring that their employees were adequately and properly trained with respect to their ability to timely protect Plaintiff and prevent harm.

96.     As a direct and proximate result of the negligent failures, actions, and/or omissions of all herein named Defendants to adequately and properly train and supervise their employees, Plaintiff was caused to sustain significant bodily injury by hazardous conditions that those very employees,

agents, would have otherwise timely detected and remediated but-for their inadequate and inappropriate training and supervision by the Defendants.

97.    The herein named Defendants had a training that was clearly inadequate to train its employees to carry out their duties, and a supervision program that failed to adequately supervise their employees in carrying out their duties.

98.    The herein named Defendants were deliberately indifferent to the violation of Plaintiff's constitutional rights and the constitutional rights of other similarly situated detainees that were likely to occur due to this failure to train.

99.    These constitutional violations were proximately caused by the deliberate indifference of Defendants because they refused to listen to Plaintiff in his requests that he could not breath. This was clearly the wrong choice.

100.    Adequate training would have prevented a situation where a Plaintiff was forced to stay in a car with no air conditioning which posed a danger to him.

101.    Adequate supervision would have prevented Plaintiff from being forced to sit in a hot car with no air conditioning which posed a danger to him and would have caused Defendant Officer Jesse Zachinelli to heed Plaintiff's cries for help and respond appropriately.

102.    Additionally, these failures were part of an extensive and ongoing pattern of other such failures, and the herein named Defendants had notice of this pattern of failures, as evidenced by the multitude of incidents. This incident and others like them put the herein named Defendants on notice of the inadequacy of their training in use of force.

103.    The herein named Defendants knew this was an ongoing problem caused by a failure to train employees in the use of force that they would encounter again, yet to date, they have not addressed it.

104.   The herein named Defendants' failure to properly train and supervise their employees was the direct and proximate cause of the Defendant Officer Jesse Zachinelli's violation of Plaintiff's 8th Amendment rights.

105.   This and other similar constitutional violations stretch back years and extend until the present day.

106.   This pattern is a direct result of the herein named Defendants' failure to properly train and supervise their employees, which resulted, ultimately in Plaintiff sustaining not only multiple violations of his constitutionally-protected rights, but significant personal bodily injury as well.

**COUNT VII**
**§ 1983 VIOLATION – 4th Amendment Claim**
**EXCESSIVE FORCE**
**(As to Defendant Officers)**

107.   Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

108.   Plaintiff has a 4th Amendment right to be free from the use of excessive force by police officers attempting to effectuate an arrest.

109.   On or about August 20, 2020, Plaintiff and his friends returned to the Camden Waterfront, and, as before, Defendant Officer Jesse Zachinelli pulled up and told them to leave as they were trespassing.

110.   Plaintiff said to Defendant Officer Jesse Zachinelli, "How are we trespassing, this is a public park?"

111.   Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

112.   Defendant Officer Jesse Zachinelli then changed his tune from asking Steven to leave, to now saying, "you can't leave, this is a compelled stop."

113.    Plaintiff asked him what a compelled stop was, but Defendant Officer Jesse Zachinelli didn't answer, and instead continued to grab Plaintiff's arm all the way until they reached the back of Plaintiff's vehicle.

114.    At this point, Defendant John Doe Officers 1-10 arrived on scene and Defendant Officer Jesse Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

115.    The use of force could only have been used against Plaintiff to cause harm, because he was already complying.

116.    Thus, the degree and amount of force used was not proportionate to the threat of harm Plaintiff posed to the safety of any of the Defendant Officers and was clearly excessive.

117.    Nonetheless, the Defendant Officers made no effort to temper the severity of the force used.

118.    New Jersey Courts have ruled that when police officers maliciously use force, standards of decency are always violated, regardless of whether significant injury is present.

119.    That said, Plaintiff *has* suffered significant injuries, continuing to have, *inter alia*, back and shoulder pain, as well as other physical, emotional, and psychological problems from the excessive force used upon him.

## COUNT VIII
## § 1983 VIOLATION – 4th Amendment Claim
## FAILURE TO INTERVENE
### (As to All Defendants)

120.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

121.    The failure to intervene by all Defendants led to harm to Plaintiff.

122.   As explained in Count IV, *supra*, Defendants Officer Jesse Zachinelli and John Doe Officers 1-10 were subjecting Plaintiff to a 4th Amendment violation, namely, by battering him with excessive force.

123.   Each of the herein named Defendants observed the other violating Plaintiff's 4th Amendment right to be free from excessive force, when they witnessed the other beating Plaintiff and unnecessarily slamming Plaintiff onto the car.

124.    Rather than intervene to stop each other Defendant, each of them instead participated in carrying out the attack, contributing to the excessive force used.

125.   Defendants Officer Jesse Zachinelli and John Doe Officers 1-10 were employees and agents of Defendants County of Camden, City of Camden, and Camden County Police Department at the time of the subject incident.

126.   All of the Defendants acted under the color of state law in their actions with regard to this matter.

127.   Their actions deprived Plaintiff of his rights and led to his harm.

128.   Each of the Defendants named in this count knew that the other Defendant herein was violating Plaintiff's 4th Amendment rights by beating him and needlessly slamming Plaintiff onto the car while handcuffed. Each of the herein named Defendants had an opportunity to intervene and end this constitutional violation, and chose not to do so, constituting a failure to intervene.

129.   There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by being slammed onto the car if the excessive force Plaintiff was being subjected to did not end.

130.   Defendants in this count were deliberately indifferent to that risk, which is why they ignored Plaintiff's cries and instead continued carrying out the attack.

131.    Plaintiff would not have suffered the same harm and would have been protected if Defendants had chosen to act to protect and to not be deliberately indifferent; that is, if any one Defendant had stopped the others from attacking Plaintiff as soon as the attack began, Plaintiff would have avoided the injuries inflicted by the herein named Defendants.

132.    Since the herein named Defendants knew of the facts that indicated an ongoing 4th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 4th Amendment violation, they failed to protect him from an attack by another Defendant and thus caused a further 4th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff; the direct and proximate result of which was significant personal bodily injury to Plaintiff, on top of the violation of Plaintiff's constitutional rights.

## COUNT IX
## VIOLATING THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)
### (As to All Defendants)

133.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

134.    N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

135.    In addition, N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part

> Any person who deprives, interferes or attempts to interfere by threats, intimidation or coercion with the exercise or enjoyment by any other person of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State is liable for a civil penalty for each violation. The court or jury, as the case may be, shall determine the appropriate amount of the penalty. Any money collected by the court in payment of a civil penalty shall be conveyed to the State Treasurer for deposit into the State General Fund.

136.    The Defendants violated the civil rights of Plaintiff, while acting under color of State law when they allowed him to be injured when they had clear opportunities to prevent this injury.

137.    The Defendants deprived and interfered with the rights of Plaintiff that are granted and secured by the Constitution of the United States and the Constitution of the State of New Jersey.

138.    The actions mentioned throughout the complaint create a violations of both Plaintiff's 4th Amendment and 8th Amendment rights. At all times, Defendants were acting under the color of law and were required to obey the Constitution.

139.    Plaintiff had a right to be free from excessive force and cruel and unusual punishment from employees and/or agents of Defendant Camden County Police Department, however, these rights were violated when harm was caused by the Defendant Officers employees as alleged more fully elsewhere herein.

140.    Plaintiff's rights, as aforesaid, arising under the 4th and 8th Amendments as incorporated to the States under the 14th Amendment, are rights, privileges, or immunities within the meaning of N.J.S.A. 10:6-2(c), and as a direct and proximate result of the unlawful conduct of the Defendants named in this Count, Plaintiff was deprived of his free exercise and enjoyment of same.

141.    The New Jersey Civil Rights Act entitles Plaintiff to injunctive relief, damages, and recovery of attorney fees and costs of suit in bringing this action against Defendants, pursuant to N.J.S.A § 10:6-2(f), which provides:

> In addition to any damages, civil penalty, injunction, or other appropriate relief awarded in an action brought pursuant to subsection c. of this section, the court may award the prevailing party reasonable attorney's fees and costs.

## COUNT X
## BATTERY
### (As to the Defendant Officers)

142.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

143.    Defendant Officer Jesse Zachinelli and Defendant John Doe Officers 1-10 intentionally touched the body of Plaintiff in a harmful or offensive manner without his permission or consent.

144.    These Defendant Officers intentionally grabbed Plaintiff's arm in a harmful manner and slammed him onto the trunk of his vehicle without his permission or consent.

145.    As a result of Defendants' violent contact with and upon Plaintiff's body, Plaintiff has been caused to suffer extreme pain, eye contusion, torn rotators cuff, and more, all of which he has sought medical treatment for.

146.    Thus, as a direct and proximate result of the unwanted and offensive contact perpetrated upon Plaintiff by the Defendant Officers, Plaintiff has suffered significant damages.

## COUNT XI
## TORTIOUS CONDUCT OF
## DEFENDANTS JOHN DOES 1-10 AND ABC ENTITIES 1-10

147.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if set forth at length herein.

148.    At all times relevant to this action, Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, are fictitious names for individuals and entities whose identities are unknown at present, but who constitute persons, actors, agencies, departments, partnerships, joint ventures, corporations, associations, or other forms of public or private entities, who participated in the tortious actions of Defendants described herein, whether by way of their negligence or in other ways as of yet undetermined.

149.    As a direct and proximate results of the negligence and/or tortious conduct of Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, Plaintiff has been caused to suffer, and in fact did suffer, significant damages.

150.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

151.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steven Carmichael, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. 1988 and/or N.J.S.A § 10:6-2(f); and

3) For such other further relief as the Court may deem equitable and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Steven Carmichael demands a trial by jury on all issues so triable, pursuant to

Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: August 11, 2022

Respectfully Submitted,

Dated: <u>August 11, 2022</u>

JOSEPH D. LENTO, ESQUIRE
Attorney ID No.: 013252008
LENTO LAW GROUP, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey  08054
(856) 652-2000-Phone
(856) 375-1010-Facsimile
Email:  jdlento@lentolawgroup.com
*Attorney for Plaintiff*

Dated: <u>August 11, 2022</u>

NICHELLE WOMBLE, ESQ.
Florida Bar No. 1032744
(*Pro Hac Vice to be applied for*)
LENTO LAW GROUP, P.A.
11555 Heron Bay Blvd., Suite 231
Coral Springs, FL 33076
904.602.9400 (Office)
904.299.5400 (Fax)
nlwomble@lentolawgroup.com
*Attorney for Plaintiff*