## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| **STEVEN CARMICHAEL** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **DOCKET NO.: 1:22-cv-05019-KMW-EAP** |
| | : |
| **CITY OF CAMDEN** | : |
| **ET AL.** | : |
| | : |
| | : |
| Defendant(s). | : |

## NOTICE OF MOTION TO DISMISS

To:

Joseph D. Lento, Esq.
Lento Law Group, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054

Nichelle Womble, Esq.
Lento law Group, P.A.
11555 heron Bay Blvd, Suite 231
Coral Springs, FL 33076

PLEASE TAKE NOTICE that on a date and time to be set by the Court the undersigned attorney, on behalf of Defendant, City of Camden, shall move before the United States District Court for the District of New Jersey, 1 John F. Gerry Plaza, 4th & Cooper Streets, P.O. Box 2797 Camden, NJ 08101, for an Order granting the Motion to Dismiss with prejudice in favor of the above Defendant. Counsel shall rely on any filed documents and exhibits in support of this motion and will rely upon the attached Brief and Exhibits in Support of this Motion to Dismiss.

A proposed form of Order is attached hereto.

Respectfully Submitted,
/s/Eddie S. Freeman III, Esq
Eddie S. Freeman
#210332017
Assistant City Attorney
Attorney for Defendant,
City of Camden
Camden City Attorney's Office
520 Market Street, Suite 419
Camden, NJ 08101
Tel.: (856) 757-7170
edfreema@ci.camden.nj.us

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| **STEVEN CARMICHAEL** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **DOCKET NO.:  1:22-cv-05019-KMW-EAP** |
| | : |
| **CITY OF CAMDEN** | : |
| **ET AL.** | : |
| | : |
| | : |
| Defendant(s). | : |

## ORDER

AND NOW, upon consideration of Defendants City of Camden's Motion to Dismiss Plaintiff's Complaint and Plaintiff's Answer thereto,

IT IS ON THIS        day of                    , 2022; ORDERED that Plaintiff's Complaint is DISMISSED with Prejudice.

_____

J.U.S.D.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| **STEVEN CARMICHAEL** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : **DOCKET NO.:  1:22-cv-05019-KMW-EAP** | |
| | : | |
| **CITY OF CAMDEN** | : | |
| **ET AL.** | : | |
| | : | |
| | : | |
| Defendant(s). | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

This is an action filed by the plaintiff seeking redress of grievances which arose during an encounter with the Camden County Police Department. Plaintiff alleges various instances wherein he claims to have had his rights violated during the course of this police encounter.  The Plaintiff makes the following allegations: unlawful detainment and arrest, excessive force, malicious prosecution, cruel and unusual punishment, failure to intervene, failure to train and other intention torts.

### CITY OF CAMDEN

The City of Camden is included as one of four entities and individuals named by plaintiff as defendants.  The basis of the claims asserted against the City of Camden is set forth in the Parties section, paragraph two, of Plaintiff's Complaint wherein plaintiff incorrectly alleges

Camden County Police Department ("CCPD") is "run" by the City of Camden **(Exhibit "A")**. The essential factual premise of all of plaintiff's claims against the City of Camden are without factual support.

The Court must take judicial notice[1] of the fact that the Camden County Police Department ("CCPD"), as indicated by its name, is a law enforcement agency run by Camden County. The CCPD is staffed with County employees. The CCPD has nothing whatsoever to do with the City of Camden with the exception of its physical location and area of patrol.

The Business Administrator for the City of Camden, Timothy Cunningham, has executed the attached Certification which is submitted as further proof of the fact that the City has no responsibility regarding the CCPD **(Exhibit "B")**. Additionally, the Certification of the Business Administrator for the City of Camden also states affirmatively the City has no connection with or responsibility for the operation for the CCPD.

When evaluating a motion to dismiss under Rule 12(b)(6) the Court is required to accept as true all well-pleaded facts and determine the validity of the motion under that standard. <u>Coss v. Lackawanna County Prison</u>, 2011 U.S. District. Lexis 15384 **(Exhibit "C")**.

The standard enunciated in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) mandates the Court examine the facts set forth in the Complaint and accept them. However, while the Court is directed to accept all well pleaded facts it also must disregard any legal conclusions, <u>Coss</u>, supra.

Plaintiff in this action sets forth the legal conclusion the City of Camden "runs" the CCPD. This is not a statement of fact but instead a legal conclusion which the Court may disregard. The Court has the responsibility, when analyzing a motion to dismiss, to draw on its

---

[1] Notice of fact which is so well known as to be beyond dispute, and cannot be reasonably doubted.

"judicial experience and common sense", <u>Coss</u>, supra. citing <u>Reisinger v. Luzerne County</u>, 712

F. Supp. 2d 332, 2010 (M.D. Pa. 2010) WL1976821 (M.D. Pa).

Plaintiff's claims alleged against the City of Camden are based entirely upon the false

premise, set forth in his complaint, the City of Camden runs the CCPD.  This has no basis in fact

and this action must be dismissed as to the City of Camden.

Wherefore it is respectfully requested the motion to  dismiss be granted and the

complaint against the City of Camden be dismissed with prejudice.

Respectfully Submitted,
<u>/s/Eddie S. Freeman III, Esq</u>
Eddie S. Freeman
#210332017
Assistant City Attorney
Attorney for Defendant,
City of Camden
Camden City Attorney's Office
520 Market Street, Suite 419
Camden, NJ 08101
Tel.: (856) 757-7170
<u>edfreema@ci.camden.nj.us</u>

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN CARMICHAEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY POLICE DEPARTMENT, a governmental entity,<br><br>COUNTY OF CAMDEN, a governmental entity,<br><br>CITY OF CAMDEN, a governmental entity,<br><br>OFFICER JESSE ZACHINELLI, in his official capacity, and<br><br>JOHN DOE OFFICERS 1- 10 (fictitious individuals) and<br><br>ABC ENTITIES 1-10 (fictitious entities),<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff STEVEN CARMICHAEL (here in after "Plaintiff"), by and through his attorneys, Lento Law Group, P.C., by way of Plaintiff's Complaint, brings this action for damages and other legal and equitable relief against Defendants CAMDEN COUNTY POLICE DEPARTMENT, COUNTY OF CAMDEN, CITY OF CAMDEN, OFFICER JESSE ZACHINELLI, JOHN DOE OFFICERS 1-10 (fictitious individuals), and ABC ENTITIES 1-10 (fictitious entities), in their official capacity, jointly, severally, or in the alternative, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

      Steven Carmichael
      1636 Kolo Street
      Camden, New Jersey 08104

      Camden County Police Department
      800 Federal Street,
      Camden, NJ 08103

      County of Camden
      c/o County Administrator Ross Angilella
      520 Market Street
      Camden, NJ 08102

      City of Camden
      520 Market Street,
      Camden, NJ 08101

      Officer Jesse. Zachinelli
      800 Federal Street,
      Camden, NJ 08103

      John Doe Officers 1-10
      800 Federal Street,
      Camden, NJ 08103

## JURISDICTION AND VENUE

1.     This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights

secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§

1331.

3.     This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant

to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form

part of the same case or controversy and arise out of a common nucleus of operative fact.

4.     Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as upon information and belief, all Defendant individuals are employed in this district with the Camden County Police Department and the incident occurred in this district at the Camden Waterfront Fishing.

## PARTIES

1.     At all times relevant herein, Plaintiff STEVEN CARMICHAEL, is an adult resident citizen of Camden, New Jersey, with a residential address as above.

2.     At all times relevant herein, Defendant CAMDEN COUNTY POLICE DEPARTMENT, is a governmental agency run by Defendant CITY OF CAMDEN, and which is headquartered in Camden County, New Jersey, and located at 800 Federal Street, Camden, NJ 08103.

3.     At all times relevant herein, and upon information and belief, Defendant COUNTY OF CAMDEN is the governmental entity responsible for the operations, management, oversight of Officers and the Police Department within the County of Camden in the State of New Jersey, and has a central office believed to be located at 520 Market Street, Camden, NJ 08101.

4.     At all times relevant herein, and upon information and belief, Defendant CITY OF CAMDEN is the governmental entity responsible for the operations, management, oversight of Officers and the Police Department within the City of Camden in the State of New Jersey, and has a central office believed to be located at 520 Market Street, Camden, NJ 08101.

5.     At all times relevant herein, and upon information and belief, Defendant OFFICER JESSE ZACHINELLI, is a police officer within the CAMDEN COUNTY POLICE DEPARTMENT, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant Officer Jesse Zachinelli acted under color of State law and in his official capacity.

6.      At all times relevant herein, and upon information and belief, Defendant JOHN DOE OFFICERS 1-10 (first and last names unknown to Plaintiff at present), are police officers within the CAMDEN COUNTY POLICE DEPARTMENT, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant John Doe Officers 1-10 acted under color of State law and in their official capacity. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

7.      At all times relevant herein, and upon information and belief, Defendant ABC ENTITIES 1-10 (fictitious entities) are believed to be entities whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants, but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

## GENERAL FACTUAL ALLEGATIONS

8.      Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

9.      On or about August 19, 2020, Plaintiff and some friends were at the Camden Waterfront fishing.

10.     Defendant Camden Metropolitan Police Officer, Officer Jesse Zachinelli pulled up on Plaintiff and his friends and asked them to disperse.

11.     Plaintiff and the Defendant Officer exchanged words, and after Officer Zachinelli ran everyone's vehicle tags, ultimately, they did leave.

12.    The following day, August 20, 2020, Plaintiff and his friends returned to the waterfront, and as before, Defendant Officer Zachinelli pulled up and told them to leave as they were trespassing.

13.    Plaintiff said to the Defendant Officer, "How are we trespassing, this is a public park?"

14.    Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car as he told the officer, "OK I'll leave."

15.    Defendant Officer Jesse Zachinelli then changed his tune from asking Steven to leave, to now saying, "you can't leave, this is a compelled stop."

16.    Plaintiff asked him what a compelled stop was, but Defendant Officer Jesse Zachinelli didn't answer, and instead continued to grab Plaintiff's arm the entire walk to the back of Plaintiff's vehicle.

17.    At this point, several other Defendant John Doe Officers on scene and Officer Zachinelli (together, hereinafter the "Defendant Officers") grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

18.    Defendant John Doe Officers cuffed Plaintiff, put a COVID-19 mask on him, and put him into the back of a police car.

19.    Once Defendant Officer Jesse Zachinelli and Plaintiff got to the police station, Defendant Officer Jesse Zachinelli shut off the vehicle and left Plaintiff in the back of the car without the air conditioning, as he got out to speak to another officer.

20.    Plaintiff expressed multiple times that he could not breath with the August heat and the COVID-19 mask on, and asked Defendant Officer Jesse Zachinelli to turn the air conditioner back on, however, he ignored Plaintiff.

21.     After about 5-10 minutes of yelling that he could not breathe, another officer nearby saw that Plaintiff was in distress and ran over to open the car door.

22.     When the officer opened the door, Plaintiff fell out of the car in distress.

23.     Steven was subsequently charged with disorderly conduct and released that same day.

24.     Camden County Police Department never called EMS or got medical attention for Steven, and instead he presented that night at Cooper Hospital.

25.     No probable cause or reasonable suspicion existed to arrest and detain Plaintiff.

26.     The unlawful arrest and detainment of Plaintiff was done in blatant violation of the Fourth Amendment.

27.     The force used on Plaintiff was excessive and done in blatant violation of the Fourth Amendment.

28.     The actions of the Defendant Officers not only violated Mr. Carmichael's constitutionally-protected rights, but caused him great physical and emotional pain and injury.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Detainment & Arrest)
### (As to the Defendant Officers)

29.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

30.     The Fourth Amendment requires police officers to have articulable reasonable suspicion before detaining a criminal suspect.

31.     The Fourth Amendment requires police officers to have probable cause before placing a criminal suspect under arrest.

32.     At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, and unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

33.     At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

34.     Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

35.     Camden Waterfront is public property, and thus, that Plaintiff was not trespassing by being there.[1]

36.     Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.
Defendant Officers intentionally detained and arrested Plaintiff without a legally valid reason.

37.     Defendants Officers' actions constituted an unlawful arrest of Plaintiff.

38.     The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.     As a direct and proximate result of the illegal and unconstitutional acts of the Defendant Officers, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

---

[1] https://visitnj.org/article/camden-waterfront

## COUNT II
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
#### (Fourth Amendment – Excessive Force)
#### (As to the Defendant Officers)

40.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

41.    The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

42.    Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

43.    Defendant Officer Zachinelli then grabbed Plaintiff's arm and walked him back to his car.

44.    After they returned to the car Defendant John Doe Officers 1-10 on scene and Officer Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

45.    Plaintiff was not a threat to Defendant Officer Zachinelli's safety, the safety of John Doe Officers 1-10, or the safety of anyone else present.

46.    Plaintiff was not acting aggressive at the time of the incident.

47.    At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

48.    The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

49.    Plaintiff had not committed any illegal act when encountered by Defendant Officers at the Camden Waterfront, fishing.

50.     At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

51.     Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently handcuffed and slammed Plaintiff o not the car without any lawful basis.

52.     Defendant Officers' actions constituted excessive force.

53.     The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Malicious Prosecution)**
(As to the Defendant Officers)

55.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

56.     The Fourth Amendment requires police officers to possess sufficient probable cause before charging a criminal suspect with a crime.

57.     Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently arrested Plaintiff and initiated criminal proceedings against him when they took him to jail and charged him with disorderly conduct.

58.     Defendant Officers' arrest and initiation of this criminal charge against Plaintiff was without sufficient probable cause, legal justification, just cause, or any other legally valid reason.

59.     Defendant Officers' initiation of this criminal charge against Plaintiff was done with malice and bad faith where Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

60.     The criminal charge against Plaintiff were terminated in his favor when it was dismissed.

61.     As a result of Defendants' malicious prosecution of Plaintiff, he has suffered and continues to suffer damage including, but not limited to, physical injuries, embarrassment, mental anguish, emotional distress, and costs and attorney fees.

**COUNT IV**
**§ 1983 VIOLATION – 8th Amendment Claim**
**CRUEL AND UNUSUAL PUNISHMENT**
**(As to All Defendants)**

62.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

63.     The cruel and unusual punishment by the Defendants named in this count led to harm to Plaintiff.

64.     Defendant Officer Zachinelli, specifically, left Plaintiff in a hot police vehicle where he could barely breath, with no air conditioning, while Defendant Officer Zachinelli got out to speak to another officer.

65.     Plaintiff expressed multiple times that he could not breath with the August heat and the COVID-19 mask on, and asked Defendant Officer Jesse Zachinelli to turn the air conditioner back on; however, he ignored Plaintiff.

66.     Defendant Officers used excessive force slamming Plaintiff onto the car in handcuffs.

67.     Defendant Officers falsely arrested Plaintiff since the Camden Waterfront is public property, and thus, the Plaintiff was not trespassing by being there.

68.     After about 5-10 minutes of yelling that he could not breathe, another officer nearby saw that Plaintiff was in distress and ran over to open the car door.

69.     When the officer opened the door Plaintiff fell out of the car in distress.

70.     Forcing Plaintiff to sit in the back of a hot police car where Defendant know he could barely breath with no air conditioning was cruel and unusual punishment, in violation of Plaintiff's 8th Amendment.

71.     Defendant Officer Jesse Zachinelli was an employee and agent of Defendant Camden County Police Department, which is controlled by Defendants County of Camden and City of Camden.

72.     All of the defendants listed in this count acted under the color of state law in their actions with regard to this case.

73.     Their actions deprived Plaintiff of his rights and led to his harm.

74.     Defendants in this count knew that Plaintiff was in present danger, as they were specifically told, but deliberately chose to lock Plaintiff in a hot car with no air conditioning which would reasonably be known to pose a danger to him, which constitutes a violation of Plaintiff's 8th Amendment right to be free from cruel and unusual punishments.

75.     There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by the lack of air conditioning in a hot car.

76.     Plaintiff would not have suffered the same harm and would have been completely protected if Defendants had not chosen to lock him into an enclosed space with no air conditioning; that is if Defendant had left the air conditioning on Plaintiff would not have suffered distress and possibly blacked out.

77.      Since the Defendants knew of the facts that indicated a substantial risk to Plaintiff and chose to force him into that situation, anyway, thus violated the Eight Amendment to the United States Constitution by subjecting Plaintiff to cruel and unusual punishment.

## COUNT V
### § 1983 VIOLATION – 8th Amendment Claim
### FAILURE TO INTERVENE
(As to All Defendants)

78.      Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

79.      The failure to intervene by all Defendants led to harm to Plaintiff.

80.      As explained in Count IV, *supra,* Defendants were subjecting Plaintiff to an 8th Amendment violation, namely, cruel, and unusual punishment, by forcing him to sick in a locked police car with no air conditioning.

81.      Neither Defendant Camden City Police Department, nor any officer thereof, intervened to stop this 8th Amendment violation, nor did these Defendants get Plaintiff medical care for his apparent injuries and distress.

82.      All of the Defendants acted under the color of state law in their actions with regard to this matter.

83.      Their actions deprived Plaintiff of his rights and led to his harm.

84.      Each of the Defendants named in this count knew that the other Defendants herein were violating Plaintiff's 8th Amendment rights.

85.      Since the herein named Defendants knew of the facts that indicated an ongoing 8th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 8th Amendment violation, they failed to protect him from being locked in a hot

police car with no air conditioning and treating him for his sustained injuries from excessive force upon seeing them, and thus caused a further 8th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff.

**COUNT VI**
***MONELL* CLAIM**
**FAILURE TO TRAIN AND SUPERVISE**
**(As to Defendants County of Camden, City of Camden, and the Camden County Police Department)**

86.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

87.     Under the 4th Amendment, Plaintiff has a clearly established right to be free from excessive force and false arrest.

88.     Under the 8th Amendment, Plaintiff has a clearly established right to be free from cruel and unusual punishment, which includes the right to not be forced to sit in a locked police car without air conditioning.

89.     Defendants County of Camden, City of Camden, and Camden County Police Department are each responsible, individually and collectively, for the management and or operations of the Camden County Police Department and their employed officers, including the Defendants Officers herein. This includes carrying out duties that are entrusted to them, including protecting those arrested.

90.     As such, these Defendants had a duty, among other things, to ensure that the employees, agents, and/or workers who staff the Camden County Police Department are adequately and properly trained and supervised so as to perform their job functions properly without exhibiting dangerous characteristics, behaviors, tendencies, or customs which would otherwise endanger those arrested.

91.     Defendants County of Camden, City of Camden, and Camden County Police Department, knew or had reason to know, given adequate and proper supervision, that the employees, agents, and/or workers who staff the Camden County Police Department, specifically Defendant Officer Zachinelli and Defendant Officers John Doe 1-10, were inadequately and inappropriately trained and/or were inadequately and inappropriately supervised with respect to their respective job duties and functions.

92.     It is reasonably foreseeable that officers, such as the Defendant Officers, who are inadequately and inappropriately trained to diligently transport detainees, could pose a risk of harm to detainees present in their police car who may, therefore, come into contact with said condition.

93.     It is also reasonably foreseeable that the staff who are inadequately and inappropriately supervised to ensure compliance with any such training as aforesaid may not then abide by such training, and may, therefore, not diligently transport detainees, and could pose a risk of harm to detainees in their vehicle.

94.     Defendants owe such detainees, including the Plaintiff, a heightened duty of care given the special relationship which exists between them as a detainee, and given that Plaintiff was, at all times relevant, in the exclusive care, custody, and control, of the Defendants listed in this count.

95.     Unfortunately, the herein named Defendants failed to exercise due care in ensuring that their employees were adequately and properly trained with respect to their ability to timely protect Plaintiff and prevent harm.

96.     As a direct and proximate result of the negligent failures, actions, and/or omissions of all herein named Defendants to adequately and properly train and supervise their employees, Plaintiff was caused to sustain significant bodily injury by hazardous conditions that those very employees,

agents, would have otherwise timely detected and remediated but-for their inadequate and inappropriate training and supervision by the Defendants.

97.     The herein named Defendants had a training that was clearly inadequate to train its employees to carry out their duties, and a supervision program that failed to adequately supervise their employees in carrying out their duties.

98.     The herein named Defendants were deliberately indifferent to the violation of Plaintiff's constitutional rights and the constitutional rights of other similarly situated detainees that were likely to occur due to this failure to train.

99.     These constitutional violations were proximately caused by the deliberate indifference of Defendants because they refused to listen to Plaintiff in his requests that he could not breath. This was clearly the wrong choice.

100.    Adequate training would have prevented a situation where a Plaintiff was forced to stay in a car with no air conditioning which posed a danger to him.

101.    Adequate supervision would have prevented Plaintiff from being forced to sit in a hot car with no air conditioning which posed a danger to him and would have caused Defendant Officer Jesse Zachinelli to heed Plaintiff's cries for help and respond appropriately.

102.    Additionally, these failures were part of an extensive and ongoing pattern of other such failures, and the herein named Defendants had notice of this pattern of failures, as evidenced by the multitude of incidents. This incident and others like them put the herein named Defendants on notice of the inadequacy of their training in use of force.

103.    The herein named Defendants knew this was an ongoing problem caused by a failure to train employees in the use of force that they would encounter again, yet to date, they have not addressed it.

104.    The herein named Defendants' failure to properly train and supervise their employees was the direct and proximate cause of the Defendant Officer Jesse Zachinelli's violation of Plaintiff's 8th Amendment rights.

105.    This and other similar constitutional violations stretch back years and extend until the present day.

106.    This pattern is a direct result of the herein named Defendants' failure to properly train and supervise their employees, which resulted, ultimately in Plaintiff sustaining not only multiple violations of his constitutionally-protected rights, but significant personal bodily injury as well.

**COUNT VII**
**§ 1983 VIOLATION – 4th Amendment Claim**
**EXCESSIVE FORCE**
**(As to Defendant Officers)**

107.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

108.    Plaintiff has a 4th Amendment right to be free from the use of excessive force by police officers attempting to effectuate an arrest.

109.    On or about August 20, 2020, Plaintiff and his friends returned to the Camden Waterfront, and, as before, Defendant Officer Jesse Zachinelli pulled up and told them to leave as they were trespassing.

110.    Plaintiff said to Defendant Officer Jesse Zachinelli, "How are we trespassing, this is a public park?"

111.    Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

112.    Defendant Officer Jesse Zachinelli then changed his tune from asking Steven to leave, to now saying, "you can't leave, this is a compelled stop."

113.    Plaintiff asked him what a compelled stop was, but Defendant Officer Jesse Zachinelli didn't answer, and instead continued to grab Plaintiff's arm all the way until they reached the back of Plaintiff's vehicle.

114.    At this point, Defendant John Doe Officers 1-10 arrived on scene and Defendant Officer Jesse Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

115.    The use of force could only have been used against Plaintiff to cause harm, because he was already complying.

116.    Thus, the degree and amount of force used was not proportionate to the threat of harm Plaintiff posed to the safety of any of the Defendant Officers and was clearly excessive.

117.    Nonetheless, the Defendant Officers made no effort to temper the severity of the force used.

118.    New Jersey Courts have ruled that when police officers maliciously use force, standards of decency are always violated, regardless of whether significant injury is present.

119.    That said, Plaintiff *has* suffered significant injuries, continuing to have, *inter alia*, back and shoulder pain, as well as other physical, emotional, and psychological problems from the excessive force used upon him.

## COUNT VIII
### § 1983 VIOLATION – 4th Amendment Claim
### FAILURE TO INTERVENE
(As to All Defendants)

120.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

121.    The failure to intervene by all Defendants led to harm to Plaintiff.

122.   As explained in Count IV, *supra*, Defendants Officer Jesse Zachinelli and John Doe Officers 1-10 were subjecting Plaintiff to a 4th Amendment violation, namely, by battering him with excessive force.

123.   Each of the herein named Defendants observed the other violating Plaintiff's 4th Amendment right to be free from excessive force, when they witnessed the other beating Plaintiff and unnecessarily slamming Plaintiff onto the car.

124.   Rather than intervene to stop each other Defendant, each of them instead participated in carrying out the attack, contributing to the excessive force used.

125.   Defendants Officer Jesse Zachinelli and John Doe Officers 1-10 were employees and agents of Defendants County of Camden, City of Camden, and Camden County Police Department at the time of the subject incident.

126.   All of the Defendants acted under the color of state law in their actions with regard to this matter.

127.   Their actions deprived Plaintiff of his rights and led to his harm.

128.   Each of the Defendants named in this count knew that the other Defendant herein was violating Plaintiff's 4th Amendment rights by beating him and needlessly slamming Plaintiff onto the car while handcuffed. Each of the herein named Defendants had an opportunity to intervene and end this constitutional violation, and chose not to do so, constituting a failure to intervene.

129.   There was an obvious, present, and substantial risk of serious harm to Plaintiff, that he would be harmed by being slammed onto the car if the excessive force Plaintiff was being subjected to did not end.

130.   Defendants in this count were deliberately indifferent to that risk, which is why they ignored Plaintiff's cries and instead continued carrying out the attack.

131.  Plaintiff would not have suffered the same harm and would have been protected if Defendants had chosen to act to protect and to not be deliberately indifferent; that is, if any one Defendant had stopped the others from attacking Plaintiff as soon as the attack began, Plaintiff would have avoided the injuries inflicted by the herein named Defendants.

132.  Since the herein named Defendants knew of the facts that indicated an ongoing 4th Amendment violation perpetuated by each of the other herein named Defendants, constituting a substantial risk to Plaintiff, and chose not to act or intervene to stop their fellow Defendants from continuing this 4th Amendment violation, they failed to protect him from an attack by another Defendant and thus caused a further 4th Amendment violation due to their deliberate indifference to a substantial risk of serious harm to the Plaintiff; the direct and proximate result of which was significant personal bodily injury to Plaintiff, on top of the violation of Plaintiff's constitutional rights.

## COUNT IX
## VIOLATING THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)
### (As to All Defendants)

133.  Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

134.  N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

135.    In addition, N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part

> Any person who deprives, interferes or attempts to interfere by threats, intimidation or coercion with the exercise or enjoyment by any other person of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State is liable for a civil penalty for each violation. The court or jury, as the case may be, shall determine the appropriate amount of the penalty. Any money collected by the court in payment of a civil penalty shall be conveyed to the State Treasurer for deposit into the State General Fund.

136.    The Defendants violated the civil rights of Plaintiff, while acting under color of State law when they allowed him to be injured when they had clear opportunities to prevent this injury.

137.    The Defendants deprived and interfered with the rights of Plaintiff that are granted and secured by the Constitution of the United States and the Constitution of the State of New Jersey.

138.    The actions mentioned throughout the complaint create a violations of both Plaintiff's 4th Amendment and 8th Amendment rights. At all times, Defendants were acting under the color of law and were required to obey the Constitution.

139.    Plaintiff had a right to be free from excessive force and cruel and unusual punishment from employees and/or agents of Defendant Camden County Police Department, however, these rights were violated when harm was caused by the Defendant Officers employees as alleged more fully elsewhere herein.

140.    Plaintiff's rights, as aforesaid, arising under the 4th and 8th Amendments as incorporated to the States under the 14th Amendment, are rights, privileges, or immunities within the meaning of N.J.S.A. 10:6-2(c), and as a direct and proximate result of the unlawful conduct of the Defendants named in this Count, Plaintiff was deprived of his free exercise and enjoyment of same.

141.    The New Jersey Civil Rights Act entitles Plaintiff to injunctive relief, damages, and recovery of attorney fees and costs of suit in bringing this action against Defendants, pursuant to N.J.S.A § 10:6-2(f), which provides:

> In addition to any damages, civil penalty, injunction, or other appropriate relief awarded in an action brought pursuant to subsection c. of this section, the court may award the prevailing party reasonable attorney's fees and costs.

## COUNT X
## BATTERY
**(As to the Defendant Officers)**

142.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

143.    Defendant Officer Jesse Zachinelli and Defendant John Doe Officers 1-10 intentionally touched the body of Plaintiff in a harmful or offensive manner without his permission or consent.

144.    These Defendant Officers intentionally grabbed Plaintiff's arm in a harmful manner and slammed him onto the trunk of his vehicle without his permission or consent.

145.    As a result of Defendants' violent contact with and upon Plaintiff's body, Plaintiff has been caused to suffer extreme pain, eye contusion, torn rotators cuff, and more, all of which he has sought medical treatment for.

146.    Thus, as a direct and proximate result of the unwanted and offensive contact perpetrated upon Plaintiff by the Defendant Officers, Plaintiff has suffered significant damages.

## COUNT XI
## TORTIOUS CONDUCT OF
## DEFENDANTS JOHN DOES 1-10 AND ABC ENTITIES 1-10

147.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if set forth at length herein.

148.    At all times relevant to this action, Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, are fictitious names for individuals and entities whose identities are unknown at present, but who constitute persons, actors, agencies, departments, partnerships, joint ventures, corporations, associations, or other forms of public or private entities, who participated in the tortious actions of Defendants described herein, whether by way of their negligence or in other ways as of yet undetermined.

149.    As a direct and proximate results of the negligence and/or tortious conduct of Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, Plaintiff has been caused to suffer, and in fact did suffer, significant damages.

150.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

151.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Steven Carmichael, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. 1988 and/or <u>N.J.S.A</u> § 10:6-2(f); and

3) For such other further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Steven Carmichael demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: August 11, 2022

Respectfully Submitted,

*Joseph D. Lento*

Dated: August 11, 2022

JOSEPH D. LENTO, ESQUIRE
Attorney ID No.: 013252008
LENTO LAW GROUP, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 652-2000-Phone
(856) 375-1010-Facsimile
Email: jdlento@lentolawgroup.com
*Attorney for Plaintiff*

*Nichelle L. Womble*

Dated: August 11, 2022

NICHELLE WOMBLE, ESQ.
Florida Bar No. 1032744
*(Pro Hac Vice to be applied for)*
LENTO LAW GROUP, P.A.
11555 Heron Bay Blvd., Suite 231
Coral Springs, FL 33076
904.602.9400 (Office)
904.299.5400 (Fax)
nlwomble@lentolawgroup.com
*Attorney for Plaintiff*

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| | : |
| **STEVEN CARMICHAEL** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **DOCKET NO.:  1:22-cv-05019-KMW-EAP** |
| | : |
| **CITY OF CAMDEN** | : |
| **ET AL.** | : |
| | : |
| | : |
| Defendant(s). | : |

## CERTIFICATION OF BUSINESS ADMINISTRATOR

I, Timothy J. Cunningham, Esq., do hereby certify as follows:

1.   I am the Business Administrator for the City of Camden.

2.   The City of Camden does not now have any legal responsibility regarding the operation of the Camden County Police Department

3.   The City of Camden has not had any responsibility for the operations of the Camden County Police Department since 2013.

4.   The Camden County Police Department, as its name demonstrates, is a Camden County entity and not a City of Camden entity.

I hereby certify the foregoing statements are true.  I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Timothy J. Cunningham
Business Administrator
City of Camden

Date: _____

# EXHIBIT "C"

# *Coss v. Lackawanna County Prison*

United States District Court for the Middle District of Pennsylvania

January 6, 2011, Decided; January 6, 2011, Filed

CIVIL ACTION NO. 1:CV-10-2462

**Reporter**

2011 U . S . Dist. LEXIS 15384 *

EDWARD COSS, Plaintiff v. LACKAWANNA COUNTY PRISON, et al., Defendants

**Subsequent History:** Adopted by, Complaint dismissed at, Dismissed without prejudice by, in part, Application granted by, Objection overruled by *Coss v. Lackawanna County Prison, 2011 U.S. Dist. LEXIS 15328 (M.D. Pa., Feb. 16, 2011)*

## Case Summary

### Overview

A magistrate issued a report recommending dismissal of plaintiff inmate's *§ 1983* suit based on an alleged denial of a witness form and denial of witnesses at a disciplinary hearing because many of the named correctional facility employees were not personally involved in the hearing, and a favorable judgment would necessarily imply the invalidity of the conviction and/or sentence.

### Outcome

Dismissal recommended.

## LexisNexis® Headnotes

Civil Rights Law > ... > Section 1983 Actions > Elements > General Overview

Governments > State & Territorial Governments > Claims By & Against

Governments > State & Territorial Governments > Employees & Officials

*HN1*[🔽]  **Section 1983 Actions, Elements**

To the extent that an inmate seeks monetary damages from defendants under *42 U.S.C.S. § 1983*, he can only sue the state actor defendants in their individual or personal capacities.

Civil Procedure > ... > In Forma Pauperis > Prisoners > Petitions

Civil Rights Law > ... > Prisoner Rights > Prison Litigation Reform Act > Judicial Screening

Civil Procedure > Parties > Prisoners > Screening of Petitions

*HN2*[🔽]  **Prisoners, Petitions**

The Prison Litigation Reform Act of 1995 obligates a court to engage in a screening process when a prisoner wishes to proceed in forma pauperis pursuant to *28 U.S.C.S. § 1915*. Specifically, *§ 1915(e)(2)* provides: (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Civil Rights Law > ... > Section 1983 Actions > Elements > General Overview

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

*HN3*[🔽]  **Section 1983 Actions, Elements**

In a *42 U.S.C.S. § 1983* civil rights action, a plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person

that requires the reviewing court to draw on its judicial experience and common sense.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

**HN8[⤓]  Motions to Dismiss, Failure to State Claim**

In a *Fed. R. Civ. P. 12(b)(6)* motion, legal conclusions in a complaint are not entitled to the same deference as well-pleaded facts. In other words, a court is not bound to accept as true a legal conclusion couched as a factual allegation.

Civil Rights Law > ... > Section 1983 Actions > Elements > General Overview

**HN9[⤓]  Section 1983 Actions, Elements**

A prison or correctional facility is not a person that is subject to suit under federal civil rights laws.

Civil Rights Law > ... > Immunity From Liability > Local Officials > Individual Capacity

Civil Rights Law > Protection of Rights > Immunity From Liability > Respondeat Superior Distinguished

**HN10[⤓]  Local Officials, Individual Capacity**

Personal liability in a civil rights action cannot be imposed upon an official based on a theory of respondeat superior. Supervisory personnel are only liable for the *42 U.S.C.S. § 1983* violations of their subordinates if they knew of, participated in or acquiesced in such conduct.

Civil Rights Law > ... > Immunity From Liability > Local Officials > Individual Capacity

Civil Rights Law > Protection of Rights > Immunity From Liability > Respondeat Superior Distinguished

**HN11[⤓]  Local Officials, Individual Capacity**

The doctrine of respondeat superior does not apply to

constitutional claims. Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior. Claims brought under *42 U.S.C.S. § 1983* cannot be premised on a theory of respondeat superior. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. In order to satisfy the personal involvement requirement, a *§ 1983* complaint need only allege the conduct, time, place and person responsible.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN12[⤓]  Motions to Dismiss, Failure to State Claim**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

**HN13[⤓]  Motions to Dismiss, Failure to State Claim**

although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice,

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Criminal Law & Procedure > Postconviction Proceedings > Motions to Set Aside Sentence

### *HN18*[⏷] **Prisoner Rights, Confinement Conditions**

To the extent a plaintiff seeks to challenge the loss of the good time credit imposed by a disciplinary hearing officer, such allegations are not properly asserted in a civil rights complaint. A civil rights action is not the proper mechanism for challenging the basis of the incident report issued or the alleged due process violations that allegedly occurred during the course of the disciplinary proceedings resulting in the loss of good time. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's confinement or to seek earlier or speedier release.

Civil Rights Law > Protection of Rights > Prisoner Rights > Discipline

Constitutional Law > Bill of Rights > Fundamental Rights > Cruel & Unusual Punishment

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Civil Rights Law > Protection of Rights > Prisoner Rights > Segregation

### *HN19*[⏷] **Prisoner Rights, Discipline**

Being placed in various forms of disciplinary confinement fails to constitute an *Eighth Amendment* violation.

Civil Rights Law > Protection of Rights > Prisoner Rights > Discipline

Constitutional Law > Bill of Rights > Fundamental Rights > Cruel & Unusual Punishment

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Civil Rights Law > Protection of Rights > Prisoner Rights > Segregation

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Scope of Protection

### *HN20*[⏷] **Prisoner Rights, Discipline**

Due process requirements apply only when the prison's actions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. The baseline for determining what is atypical and significant--the ordinary incidents of prison life--is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law. Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of atypical deprivation of prison life necessary to implicate a liberty interest. Sixty days of disciplinary segregation, does not constitute an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Civil Rights Law > Protection of Rights > Prisoner Rights > Discipline

Constitutional Law > Bill of Rights > Fundamental Rights > Cruel & Unusual Punishment

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Civil Rights Law > Protection of Rights > Prisoner Rights > Segregation

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Scope of Protection

### *HN21*[⏷] **Prisoner Rights, Discipline**

Although an inmate's due process claim is cognizable under *42 U.S.C.S. § 1983*, to survive a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss, a complaint must contain sufficient factual matter to state a plausible claim of a deprivation of a liberty interest protected by the Due Process Clause. As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

Lackawanna County Prison; Mahoney, Employee of Lackawanna County Prison; Corrections Officer ("CO") Tony Balucci; CO Bloom; Mike Washo, Lackawanna County Commissioner; Corey O'Brien, Lackawanna County Commissioner; and Al Munchak, Lackawanna County Commissioner.

## II. Allegations of Complaint.

Plaintiff alleges that on November 29, 2008, he was an inmate at LCP. Plaintiff avers that inmate Atkins tried to attack him and inmate Christiano with an 8-inch metal "whack," and that he was able to thwart the attack by punching Atkins. Plaintiff avers that he immediately informed Defendant CO Bloom about the incident. Plaintiff states that Defendant CO Bloom witnessed his location and the location of inmates Christiano and Atkins. Plaintiff avers that he was taken to the medical department and examined by the nurse, and that he was informed by several prison staff that he was justified in defending himself against Atkins.

Plaintiff avers that an hour after the incident he was confined in the prison restricted housing unit ("RHU") pending an investigation. Plaintiff avers that he was later served with a misconduct and charged with fighting regarding the November 29 incident. Plaintiff [*3] states that Defendant CO Balucci served the misconduct on him. At this time, Plaintiff alleges that he requested a witness form from Defendant CO Balucci so that he could have witnesses appear at his disciplinary hearing to defend against the fighting charge. Plaintiff alleges that Defendant CO Balucci told him he would be back with the witness form.

Plaintiff then avers as follows:

> 31. Plaintiff, specifically requested from officer Balucci at the time he served misconduct's a (Witness) form, so that he could state the witnesses, that he needed to appear at his hearing in order to adequately defend against the charge of fighting.

> 32. Plaintiff was advised by Balucci, that he would return back to Plaintiff's cell with the requested (Witness) form.

> 33. Plaintiff spoke to numerous other Officer's (sic) and complained that Balucci never returned with the (Witness) form, and was told by these officer's (sic) that they would contact him because Balucci is the only person assigned the detail of serving

misconduct's and (witness) forms.

> 34. Plaintiff was brought to his misconduct hearing and immediately requested from both Hebron, and Mahoney or John Doe hearing examiners, that he wished to call [*4] (4) witnesses, on his behalf, that would prove that he defended himself, and that he did not engage in fighting.

> 35. Plaintiff was asked by Hebron the names of witnesses, and plaintiff responded with C.O. Bloom, C.O. Bob, who esco[r]ted petitioner to the medical Dept., at which time plaintiff could not recall his last name as Cornell, also, Christiano, and the Officer who worked in the Central Control, that plaintiff reported incident to while on intercom.

> 36. Both defendants Hebron, and Mahoney or John Doe, had a brief (10) second discussion, and decided that because plaintiff did not submit the required (Witness) form, with all named witnesses included prior to hearing date, that he could not have any witnesses to testify on his behalf.

(Doc. 1,¶'s 31.-36.).

Further, Plaintiff alleges that he objected at his disciplinary hearing stating he was not given a witness form prior to the hearing, and he alleges that he advised the hearing examiner that the misconduct form violated his constitutional rights since it did not have a section providing the inmate with a witness form.

Additionally, Plaintiff avers:

> 39. Despite plaintiff's claims of not being provided the witness form on the date of [*5] service of misconduct or prior to hearing and being denied any witnesses on his behalf Hebron, and Mahoney or John Doe, found plaintiff guilty of fighting.

> 40. Plaintiff filed his appeal to the Warden, and that said was never addressed prior to his departing Lacka. Co. Prison on or about January 21, 2009.

> 41. Plaintiff also filed a grievance relating to the misconduct and witness form procedures, but that same was not addressed prior to Plaintiff's departure as well.

(*Id.*, ¶'s 39.-41.). [2]

Plaintiff claims that the alleged conduct of the LCP

---

[2] Plaintiff does not state any reason as to why he did not attempt to pursue his grievances with LCP after he was transferred to a different prison.

created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. _Section 1983_ Standard.

_HN3_[⬆] In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived [*10] the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. _Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)_; _Kost v. Kozakiewicz, 1 F. 3d 176, 184 (3d Cir. 1993)_; _Beattie v. Dept. of Corrections SCI-Mahanoy, 2009 U.S. Dist. LEXIS 16715, 2009 WL 533051, *3 (M.D. Pa.)_. Further, _Section 1983_ is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. _Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)_. [7] See also _Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005)_; _Phillips v. Miller, 2010 U.S. Dist. LEXIS 17383, 2010 WL 771793, *2 (M.D. Pa.)_.

It is well established that _HN4_[⬆] personal liability under _section 1983_ cannot be imposed upon a state official based on a theory of respondeat superior. See, e.g., _Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)_; _Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)_; _Parratt, supra._ It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional [*11] deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. _Id._ Each named defendant must be shown, through the complaint's allegations, to have been

personally involved in the events or occurrences upon which Plaintiff's claims are based. _Id._ As the Court stated in _Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)_:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

See also _Beattie v. Dept. of Corrections SCI-Mahanoy, 2009 U.S. Dist. LEXIS 16715, 2009 WL 533051, *3_("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing _Rode, supra._

_HN5_[⬆] The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. See _O'Connell v. Sobina, 2008 U.S. Dist. LEXIS 2467, 2008 WL 144199, *3 (W.D. Pa.)_.

## V. Motion to Dismiss Standard.

In _Reisinger v. Luzerne County, 712 F. Supp. 2d 332, 2010 WL 1976821, *7 (M.D. Pa.)_, [*12] the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions _Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)_, and _Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)_. _HN6_[⬆] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " _Iqbal, 129 S.Ct. at 1949_ (citing _Twombly, 550 U.S. at 570_). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." _Id. at 1950_. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." _Id._ (citation omitted). _McTernan v. City of York, 577 F.3d 521, 530 (3d Cir.2009)_. The

---

from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 6, 7 and 8).

[7] Plaintiff alleges in his pleading that the Defendants are employees of the LCP and Lackawanna County. (Doc. 1, p. 3). This is sufficient to show that Defendants are state agents.

lack of personal involvement with respect to Plaintiff 's constitutional claims. We find that Plaintiff has named Defendants County Commissioners Washo, O'Brien and Munchak only based on respondeat superior which is not an acceptable basis to hold these Defendants liable in a civil rights action. See _Rhines v. Bledose, 388 Fed. Appx. 225, 2010 WL 2911628, *2 (3d Cir.)._ [9] As discussed above, Plaintiff does not specifically state the personal involvement of Defendants County Commissioners Washo, O'Brien and Munchak with respect to any of his constitutional claims.

In _George v. PA DOC, 2010 U.S. Dist. LEXIS 23116, 2010 WL 936778, *4 (M.D. Pa.),_ [*17] the Court stated:

> HN11[⬆] The doctrine of _respondeat superior_ does not apply to constitutional claims. _See Ashcroft v. Iqbal,    U.S.   ,   , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)_ ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior." ); _see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005)_ (claims brought under _42 U.S.C. § 1983_ cannot be premised on a theory of _respondeat superior_ ) (citing _Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)_). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. _Iqbal, supra,   U.S. at   , 129 S.Ct. at 1948_ ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." _Rode, 845 F.2d at 1207._ "In order to satisfy the 'personal involvement' requirement, a [_§ 1983_] complaint need only allege the conduct, time, place and person responsible." _Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir.2009)_ [*18] (per curiam) (nonprecedential).

See also _Santiago v Warminister Tp., 629 F.3d 121,_

2010 WL 5071779, * 5 (3d cir. 2010).

In his Complaint, Plaintiff is clearly attempting to assert his claims against Defendants County Commissioners Washo, O'Brien and Munchak based only on _respondeat superior._ Further, Defendants County Commissioners Washo, O'Brien and Munchak are not sufficiently stated to have been personally involved with any cognizable violation of Plaintiff's constitutional rights. Nor are Defendants Washo, O'Brien and Munchak alleged to have directed the LCP Defendants to violate his rights. _Id._

The Supreme Court in _Iqbal_ repeated the personal involvement necessary in a _§1983_ action. In _Innis v. Wilson, 334 Fed. Appx. 454, 2009 WL 1608502, *2 (3d Cir. 2009),_ the Court, citing _Iqbal,_ stated:

> HN12[⬆] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " _Ashcroft v. Iqbal, [129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)]_ (quoting _Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)])._

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory    [*19] liability.  _See    Rode   v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988_ (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. _Spruill, 372 F.3d at 236._ Accordingly, these claims were properly dismissed."

In _Saltzman v. Independence Blue Cross, 634 F. Supp. 2d 538, 2009 WL 1606887, *4 (E.D. Pa.),_ the Court stated:

> The Court in Iqbal explained that, HN13[⬆] although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. _Id. at 1949, 1953._ "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." _Id. at 1949_ (citing _Twombly, 550 U.S. at 555_); _see also Phillips v._

---

[9] While Plaintiff attempts to hold Defendants Washo, O'Brien and Munchak liable based on their positions as County Commissioners, it is well settled that HN10[⬆] personal liability in a civil rights action cannot be imposed upon an official based on a theory of _respondeat superior._ See _Ascenzi v. Diaz, 2007 U.S. Dist. LEXIS 23475, 2007 WL 1031516, *3 (M.D. Pa.)_("supervisory personnel are only liable for the _§1983_ violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

*4. Plaintiff's Fourteenth Amendment Due Process Claim is Heck Barred*

Plaintiff avers that Defendant CO Balucci violated his *Fourteenth Amendment* due process rights by failing to provide him the witness form after he was served with the misconduct so that he could call four witnesses at his disciplinary hearing regarding the fighting charge. Plaintiff avers that Defendant CO Bloom witnessed **[\*24]** his location and the location of inmates Christiano and Atkins immediately after the charged fight, and that he was not allowed to call Bloom as a witness at his disciplinary hearing. Plaintiff avers that he asked Defendant hearing examiners, Hebron, Mahoney and Doe, to allow him to call four witnesses at his disciplinary hearing and that these Defendants decided that since Plaintiff did not submit the required witness form prior to the hearing date, he could not have any witnesses testify at his hearing. As a result, Plaintiff states that he was denied a fair hearing and he claims that his disciplinary conviction violated his *Fourteenth Amendment* due process rights. Plaintiff alleges that as a result of the disciplinary conviction he was confined in the RHU at LCP and he was denied parole by the Pennsylvania Board.

To the extent Plaintiff seeks damages as a result of his claim that he was convicted of the fighting misconduct charge by Defendant Hearing Examiners Hebron, Mahoney and Doe in violation of his *Fourteenth Amendment* due process rights, and that he was sanctioned to RHU confinement and denied parole with respect to the misconduct report issued against him, we find that such **[\*25]** claim is *Heck* barred.

In *Braggs v. Flatt, 2009 U.S. Dist. LEXIS 75978, 2009 WL 2750120, \*4-\*5 (W.D. Pa.)*, the Court stated:

> *Heck v. Humphrey [512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ]* and its progeny. *HN15*[↑] In *Heck*, the Supreme Court held that a prisoner could not maintain a *§ 1983* action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *512 U.S. at 487*. The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's *§ 1983* action is barred (absent prior invalidation)-**no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct**

leading to conviction or internal prison proceedings**)-if** success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). See also Hill v. McDonough, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006); Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)*.

Further, in *Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)*, **[\*26]** the Supreme Court extended *Heck* further by holding that *HN16*[↑] a state prisoner's *§ 1983* action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under *§ 1983*" unless the disciplinary sanction has been overturned or invalidated. *520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906*.

(Emphasis added); *Kalomiris v. Monroe County Syndicate, 2009 U.S. Dist. LEXIS 1264, 2009 WL 73785, \*8 (M.D. Pa.); Arango v. Winstead, 352 Fed. Appx. 664, 665-666 (3d Cir. 2009); Taylor v. Scism, 2010 U.S. Dist. LEXIS 59540, 2010 WL 2470806, \*3 (M.D. Pa.)*.

Additionally, insofar as Plaintiff is deemed as challenging his disciplinary conviction by Defendant Hearing Examiners Hebron, Mahoney and Doe and the sanction to RHU confinement, Plaintiff must file a petition for writ of habeas corpus under *28 U.S.C. §2254* after he exhausts his administrative remedies. Plaintiff cannot challenge his LCP disciplinary conviction and sentence in this *§ 1983* civil rights action. The Supreme Court has held that *HN17*[↑] a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate **[\*27]** the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)*. Plaintiff, insofar as he is attacking his disciplinary conviction as unlawful, is implicating relief that may have altered the term of his confinement in prison since he states that it resulted in the denial of his parole by the Pennsylvania Board. *See Muhammad v. Close, 540 U.S. 749, 124 S. Ct. 1303, 1304, 158 L. Ed. 2d 32* (2004 (Per Curiam); *Learner v. Fauver, 288 F. 3d 532, 542 (3d Cir. 2002)*.

In *Taylor v. Scism, 2010 U.S. Dist. LEXIS 59540, 2010*

*Winstead, 352 Fed. Appx. 664, 666 (3d Cir. 2009)*, stated:

> HN21[↑] Although [the inmate's] due process claim is cognizable under *42 U.S.C. § 1983*, to survive a *Fed.R.Civ.P. 12(b)(6)* motion to dismiss, her complaint "must contain sufficient factual matter" to state a plausible claim of a deprivation of a liberty interest protected by the *Due Process Clause*. *Iqbal, 129 S.Ct. at 1949*. The Supreme Court has recognized that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the *Due Process Clause* does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Asquith v. Dep't of Corr., 186 F.3d 407, 410 (3d Cir.1999)* (quoting *Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)*). Due process applies only where the conditions of confinement impose "atypical and significant hardship [s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)*. Placement in administrative **[*32]** segregation for days or months at a time or transfers to more restrictive custody do not implicate a protected liberty interest. *See Torres, 292 F.3d at 150*; *Fraise v. Terhune, 283 F.3d 506, 522-23 (3d Cir.2002)*. Nor does removal from a prison program, as restriction from participation in prison programs is among the conditions of confinement that an inmate may reasonably anticipate during her incarceration. *See James v. Quinlan, 866 F.2d 627, 629 (3d Cir.1989)*. [13]

Thus, based on *Mincy* and *Arango*, we will recommend that Plaintiff's *Fourteenth Amendment* due process claim against all Defendants be dismissed.

Moreover, we do not find that Plaintiff has stated an actionable *§1983* conspiracy claim against any Defendant. In *Marchese v. Umstead, 110 F. Supp.2d 361, 371 (E.D. Pa. 2000)*, the Court held, HN22[↑] "central to any conspiracy claim is specific factual allegations that there was a mutual understanding among the conspirators to take actions directed toward

an unconstitutional end." We find that Plaintiff fails to make any specific factual allegations **[*33]** against any Defendant with respect to his broad conspiracy claim. Instead, Plaintiff merely makes a legal conclusion as follows:

> Defendants['] conduct and their conspiracy with each other as set forth above including the denial of Plaintiff and all other inmates that received a misconduct of the right to call witnesses on their behalf in order to adequately defend against charges brought by prison officials.

(Doc. 1, ¶ 51.).

HN23[↑] In order to set forth a *§ 1983* cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir.1992)*; *Rose v. Bartle, 871 F.2d 331, 366 (3d Cir.1989)*. The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir.1990)*. See also, *Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir.1988)*.

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R., 972 F.2d at 1377*. **[*34]** A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See id.*; *Rose, 871 F.2d at 366*. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.1985)*. A plaintiff cannot rely on subjective suspicions and unsupported speculation.

In the present case, Plaintiff fails to allege any facts showing a meeting of the minds between any Defendants. Thus, we will recommend that Plaintiff's *§ 1983* civil conspiracy claim against all Defendants be dismissed.

Finally, since we find that Plaintiff has not stated any cognizable federal claim against Defendants, we will recommend that the Court decline to exercise pendent jurisdiction over his state law IIED claim. *See Verdecchia v. Prozan, 274 F.Supp.2d 712, 728 (W.D.*

---

[13] Plaintiff Coss also alleges 13 that the disciplinary conviction "adversely affected" his "prison programming participation." (Doc. 1, ¶ 61.).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| | : |
| **STEVEN CARMICHAEL** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **DOCKET NO.:  1:22-cv-05019-KMW-EAP** |
| | : |
| **CITY OF CAMDEN** | : |
| **ET AL.** | : |
| | : |
| | : |
| Defendant(s). | : |

**CERTIFICATE OF SERVICE**

I hereby certify the within Notice of Motion and accompanying Certification were filed with the Clerk of the United States District Court for the District of New Jersey by e-file and I further certify that a copy of the motion and all supporting papers were served on plaintiff by REGULAR AND CERTIFIED MAIL to the following address:

Joseph D. Lento, Esq.
Lento Law Group, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054

Nichelle Womble, Esq.
Lento law Group, P.A.
11555 heron Bay Blvd, Suite 231
Coral Springs, FL 33076

Respectfully Submitted,

/s/Eddie S. Freeman III
Eddie S. Freeman III, Esq.
#210332017
Assistant City Attorney
Attorney for Defendant,
City of Camden
Camden City Attorney's Office
520 Market Street, Suite 419
Camden, NJ 08101
Tel.: (856) 757-7170
edfreema@ci.camden.nj.us