## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN CARMICHAEL, an individual<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN POLICE DEPARTMENT, a governmental entity,<br><br>COUNTY OF CAMDEN, a governmental entity,<br><br>CHIEF OF POLICE GABRIEL RODRIGUEZ, as an individual and in his official capacity,<br><br>OFFICER JESSE ZACHINELLI, as an individual and in his official capacity, and<br><br>JOHN DOE OFFICERS 1- 10 (fictitious names), in their official capacity<br><br>ABC Entities 1-10 (fictitious entities),<br><br>Defendants. | Civil Action No.: 1:22-cv-05019-KMW-EAP<br><br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Steven Carmichael (here in after "Plaintiff"), by and through his attorneys, Lento Law Group, P.C., by way of Plaintiff's Amended Complaint, brings this action for damages and other legal and equitable relief against Defendants CAMDEN POLICE DEPARTMENT, COUNTY OF CAMDEN, CHIEF OF POLICE GABRIEL RODRIGUEZ; OFFICER JESSE ZACHINELLI, JOHN DOE OFFICERS 1-10 (fictitious names) and ABC ENTITIES 1-10 (fictitious entities), in their official capacity, jointly, severally, or in the alternative, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

> Steven Carmichael
> 1636 Kolo Street
> Camden, New Jersey 08104
>
> Camden Police Department
> 800 Federal Street,
> Camden, NJ 08103
>
> County of Camden
> c/o County Administrator Ross Angilella
> 520 Market Street
> Camden, NJ 08102
>
> Chief of Police Gabriel Rodriguez
> 800 Federal Street
> Camden, NJ 08103
>
> Officer Jesse. Zachinelli
> 800 Federal Street,
> Camden, NJ 08103
>
> John Doe Officers 1-10 & ABC Entities 1-10
> (fictitious names & fictitious entities)

## JURISDICTION AND VENUE

1.     This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

3.     This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

4.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as upon information and belief, all Defendants are employed in this district with the Camden Police Department and the incident occurred in this district at the Camden Waterfront Fishing.

## PARTIES

1.      At all times relevant herein, Plaintiff STEVEN CARMICHAEL, is an adult resident citizen of Camden, New Jersey, with a residential address as above.

2.      At all times relevant herein, Defendant CAMDEN POLICE DEPARTMENT, is a governmental agency run by Defendant THE COUNTY OF CAMDEN, and which is headquartered in Camden County, New Jersey. It is located at 800 Federal Street, Camden, NJ 08103.

3.      At all times relevant herein, and upon information and belief, Defendant THE COUNTY OF CAMDEN is the governmental entity responsible for the operations, management, oversight of Officers and the Police Department within the County of Camden in the State of New Jersey, and has a central office believed to be located at 520 Market Street, Camden, NJ 08101.

4.      At all times relevant herein, and upon information and belief, Defendant CHIEF OF POLICE GABRIEL RODRIGUEZ, is the Chief of the Camden County Police Department, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant Chief Gabriel Rodriguez acted under color of State law and in his official capacity.

5.      At all times relevant herein, and upon information and belief, Defendant OFFICER JESSE ZACHINELLI, is a police officer within the Camden Police Department, servable at 800 Federal Street, Camden, NJ 08103. At all times relevant hereto, Defendant Officer Jesse Zachinelli acted under color of State law and in his official capacity.

6.      At all times relevant herein, and upon information and belief, Defendant JOHN DOE

OFFICERS 1-10 (first and last names unknown to Plaintiff at present), are police officers within

the Camden Police Department, servable at 800 Federal Street, Camden, NJ 08103. At all times

relevant hereto, Defendant John Doe Officers 1-10 acted under color of State law and in their

official capacity. Plaintiff does not presently know the true identities of these Defendants, but will

seek leave to amend the Complaint to properly name these Defendants after conducting discovery,

should the need arise.

7.      At all times relevant herein, and upon information and belief, Defendant ABC ENTITIES

1-10 (fictitious entities) are believed to be entities whose actions or omissions contributed in some

relevant and material way to the causes of action complained of herein. Plaintiff does not presently

know the true identities of these Defendants, but will seek leave to amend the Complaint to

properly name these Defendants after conducting discovery, should the need arise.

## GENERAL FACTUAL ALLEGATIONS

8.      Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and

incorporates same as if fully set forth at length herein.

9.      On or about August 19, 2020, Plaintiff and some friends were at the Camden Waterfront

fishing.

10.     Defendant Camden Metropolitan Police Officer, Officer Jesse Zachinelli pulled up on Jesse

and his friends and asked them to disperse.

11.     Plaintiff and the Defendant Officer exchanged words, and the Officer ran everyone's tags

but, ultimately, they did leave.

12.     The following day, August 20, 2020, Plaintiff, and his friends returned to the waterfront,

as before Defendant Officer Zachinelli pulled up and told them to leave as they were trespassing.

13.   Plaintiff said to the Defendant Officer, "How are we trespassing, this is a public park?"

14.   The Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

15.   The Defendant Officer Jesse Zachinelli changed his tune, from asking Steven to leave to now saying, "you can't leave, this is a compelled stop."

16.   Plaintiff asked him what a compelled stop was, but the Defendant Officer Jesse Zachinelli didn't answer, and instead continued to grab Plaintiff's arm all the way until they reached the back of Plaintiff's vehicle.

17.   At this point, several other Defendant John Doe Officers on scene and Officer Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

18.   The Defendant John Doe Officers cuffed Plaintiff put a covid mask on him and put him into the back of a police car.

19.   Once Defendant Officer Jesse Zachinelli and Plaintiff got to the police station, Defendant Officer Jesse Zachinelli shut off the vehicle and left Plaintiff in the back of the car without the air conditioning, as he got out to speak to another officer.

20.   Plaintiff expressed multiple times that he could not breath with the August heat and the Covid mask on, and asked Defendant Officer Jesse Zachinelli to turn the air conditioner back on, he ignored Plaintiff.

21.   After about 5-10 minutes of yelling that he could not breathe, another officer nearby saw that Plaintiff was in distress and ran over to open the car door.

22.   When the officer opened the door Plaintiff fell out of the car in distress.

23.   Steven was subsequently charged with disorderly conduct and released that same day.

24.     Camden Police Department never got Steven medical attention, and instead he presented that night at Cooper Hospital.

25.     No probable cause or reasonable suspicion existed to arrest and detain Plaintiff.

26.     The unlawful arrest and detainment of Plaintiff was done in blatant violation of the Fourth Amendment.

27.     The force used on Plaintiff was excessive and done in blatant violation of the Fourth Amendment.

28.     The actions of Defendant Officer Jesse Zachinelli and Defendant John Doe Officers 1-10 (collectively, the "Defendant Officers") individually and collectively, caused Mr. Jones to sustain significant damages, including, but not limited to, great physical and emotional pain and trauma, as well as personal bodily injuries of both a temporary and permanent nature."

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Unlawful Detainment & Arrest)**
**(Against Defendant Officers)**

29.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

30.     The Fourth Amendment requires police officers to have articulable reasonable suspicion before detaining a criminal suspect.

31.     The Fourth Amendment requires police officers to have probable cause before placing a criminal suspect under arrest.

32.     At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

33.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

34.    Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without a warrant or any lawful basis.

35.    Camden Waterfront is public property, and thus, that Plaintiff was not trespassing by being there.[1]

36.    Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

Defendant Officers intentionally detained and arrested Plaintiff without a legally valid reason.

37.    Defendants Officers' actions constituted an unlawful arrest of Plaintiff.

38.    The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Excessive Force)**
**(Against Defendant All Defendant Officers)**

40.    Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

---

[1] https://visitnj.org/article/camden-waterfront

41.    The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest.

42.    The Defendant Officer Jesse Zachinelli tried grabbing Steven's arm and Steven pulled away and began walking towards his car, as he told the officer "OK I'll leave."

43.    Defendant Officer Zachinelli then grabbed Plaintiff's arm and walked him back to his car.

44.    After they returned to the car Defendant John Doe Officers on scene and Officer Zachinelli grabbed Plaintiff and slammed him onto the trunk of his car, inflicting injury.

45.    Plaintiff was not a threat to Defendant Officer Zachinelli's safety, the safety of John Doe Officers 1-10. or the safety of anyone else present.

46.    Plaintiff was not acting aggressive at the time of the incident.

47.    At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

48.    The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

49.    Plaintiff had not committed any illegal act when encountered by Defendant Officers at the Camden Waterfront Fishing.

50.    At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

51.    Defendant Officers intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently handcuffed and slammed Plaintiff o not the car without any lawful basis.

52.    Defendant Officers' actions constituted excessive force.

53.     The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Fourth Amendment – Malicious Prosecution)**
**(Against Defendant Officers)**

55.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

56.     The Fourth Amendment requires police officers to possess sufficient probable cause before charging a criminal suspect with a crime.

57.      Defendant Officers intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently arrested Plaintiff and initiated criminal proceedings against him when they took him to jail and charged him with disorderly conduct.

58.      Defendant Officers' arrest and initiation of this criminal charge against Plaintiff was without sufficient probable cause, legal justification, just cause, or any other legally valid reason.

59.      Defendant Officers' initiation of this criminal charge against Plaintiff was done with malice and bad faith where Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

60.      The criminal charge against Plaintiff were terminated in his favor when it was dismissed.

61.     As a result of Defendants' malicious prosecution of Plaintiff, he has suffered and continues to suffer damage including, but not limited to, physical injuries, embarrassment, mental anguish, emotional distress, and costs and attorney fees.

**COUNT VI**
***MONELL* CLAIM – MUNICIPAL LIABILITY**
**FOR UNCONSTITUTIONAL CUSTOM OR POLICY**
**(As to Defendants the County of Camden, and Chief Gabriel Rodriguez)**

62.     Plaintiff, STEVEN CARMICHAEL, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

63.     Under the Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff has a clearly established constitutional right to be secure in his person as against unreasonable seizures and the use of excessive force by law enforcement officers, such as the herein named Defendants.

64.     Defendants COUNTY OF CAMDEN, and its managerial employees, agents, and representatives, and Defendant CHIEF GABRIEL RODRIGUEZ, as Chief of the Camden County Police Department, by virtue of their positions of authority and decision-making and policy-setting powers over the Camden County Police Department are responsible for the policies and practices of the Camden County Police, including the Officer Defendants herein.

65.     Defendant COUNTY OF CAMDEN, and its managerial employees, agents, and representatives, and Defendant CHIEF GABRIEL RODRIGUEZ, have acted with reckless and deliberate indifference to the rights and liberties of Plaintiff, and have purposefully, intentionally, willfully, and knowingly maintained, enforced, and applied an unconstitutional custom, policy, and/or practice of excessive force, police brutality, and Fourth Amendment violations.

66.     This policy of excessive force is known to employees within the Camden County Police Department, and has, unfortunately, affected numerous persons within the County of Camden who

interact with the Camden County Police Department, including in this instance, Plaintiff.

67.     As alleged above in this Complaint, several of the Defendant Officers expressed opinions

that their excessive use of force was actually justified.

68.     This apparent belief among the Defendant Officers that violently slamming a suspect into

the trunk of his car is justifiable behavior as part of normal police practice when a suspect does

not resist the arresting officers, reflects the unconstitutional policy and practice of the Camden

County Police Officers of using excessive force in violation of the Fourth Amendment.

69.     By reason of the aforementioned unconstitutional policies and practices of the herein

named Defendants, Plaintiff was deprived of his constitutional right to be free from unreasonable

search and seizure and the use of excessive force by law enforcement, and further, if such an

unconstitutional policy were permitted to continue, the herein named Defendants will similarly

deprive other persons within the State of New Jersey their constitutional rights as well.

## COUNT VII
### *MONELL* CLAIM
### FAILURE TO TRAIN AND SUPERVISE
### (As to Defendants the County of Camden, Chief Gabriel Rodriguez, and the Camden Police Department)

70.     Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby

incorporates same as if fully set forth at length.

71.     Under the Fourth Amendment, Plaintiff has a clearly established right to be free from cruel

and unusual punishment, which includes the right to not be forced to sit in a locked police car

without air conditioning, excessive force, and false arrest.

72.     Defendants THE COUNTY OF CAMDEN, CHIEF GABRIEL RODRIGUEZ, and

CAMDEN POLICE DEPARTMENT are each responsible, individually, and collectively, for the

management and or operations of the Camden Police Department and the employed Officers. This includes carrying out duties that are entrusted to them, including protecting those arrested.

73.     As such, these Defendants had a duty, among other things, to ensure that the employees, agents, and/or workers who staff the Camden Police Department are adequately and properly trained and supervised so as to perform their job functions properly without exhibiting dangerous characteristics, behaviors, tendencies, or customs which would otherwise endanger those arrested.

74.     The County of Camden, Chief Gabriel Rodriguez, and The Camden Police Department in this count knew or had reason to know, given adequate and proper supervision, that the employees, agents, and/or workers who staff the Camden Police Department, specifically Defendant Officer Zachinelli, was inadequately and inappropriately trained and/or were inadequately and inappropriately supervised with respect to their respective job duties and functions.

75.     It is reasonably foreseeable that the Officers who are inadequately and inappropriately trained to diligently transport detainees, could pose a risk of harm to detainees present in their police car who may, therefore, come into contact with said condition.

76.     It is also reasonably foreseeable that the staff who are inadequately and inappropriately supervised to ensure compliance with any such training as aforesaid may not then abide by such training, and may, therefore, not diligently transport detainees, could pose a risk of harm to detainees in their vehicle.

77.     Defendants owe such detainees, including the Plaintiff, a heightened duty of care given the special relationship which exists between them as a detainee, and given that Plaintiff was, at all times relevant, in the exclusive care, custody, and control, of the Defendants listed in this count.

78.     Unfortunately, the herein named Defendants failed to exercise due care in ensuring that their employees were adequately and properly trained with respect to their ability to timely protect Plaintiff and prevent harm.

79.     As a direct and proximate result of the negligent failures, actions, and/or omissions of all herein named Defendants to adequately and properly train and supervise their employees, Plaintiff was caused to sustain significant bodily injury by hazardous conditions that those very employees, agents, would have otherwise timely detected and remediated but-for their inadequate and inappropriate training and supervision by the Defendants.

80.     The herein named Defendants had a training that was clearly inadequate to train its employees to carry out their duties, and a supervision program that failed to adequately supervise their employees in carrying out their duties.

81.     The herein named Defendants were deliberately indifferent to the violation of Plaintiff's constitutional rights and the constitutional rights of other similarly situated detainees that were likely to occur due to this failure to train.

82.     These constitutional violations were proximately caused by the deliberate indifference of Defendants because they refused to listen to Plaintiff in his requests that he could not breath. This was clearly the wrong choice.

83.     Adequate training would have prevented a situation where a Plaintiff was forced to stay in a car with no air conditioning which posed a danger to him.

84.     Adequate training would have taught Defendant OFFICER ZACHINELLI and JOHN DOE OFFICERS 1-10,  to respond appropriately to Plaintiff's cries for help, and actually help him.

85.     Adequate supervision would have prevented Plaintiff from being forced to sit in a hot car with no air conditioning which posed a danger to him and would have caused Officer ZACHINELLI to heed Plaintiff's cries for help and respond appropriately.

86.     Additionally, these failures were part of an extensive and ongoing pattern of other such failures, and the herein named Defendants had notice of this pattern of failures, as evidenced by the multitude of incidents. This incident and others like them put the herein named Defendants on notice of the inadequacy of their training in use of force.

87.     The herein named Defendants knew this was an ongoing problem caused by a failure to train employees in the use of force that they would encounter again, yet to date, they have not addressed it.

88.     The herein named Defendants' failure to properly train and supervise their employees was the direct and proximate cause of the Defendant OFFICER ZACHINELLI'S and JOHN DOE OFFICER'S violation of Plaintiff's Fourth Amendment rights. This and other similar constitutional violations stretch back years and extend until the present day. This pattern is a direct result of the herein named Defendants' failure to properly train and supervise their employees.

### COUNT VIII
### 42 U.S.C. § 1983 – FOURTH AMENDMENT
### FAILURE TO INTERVENE
### (As to All Defendant Officers)

89.     Plaintiff, STEVEN CARMICHAEL, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

90.     Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

91.     42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

92.     At all times relevant to the allegations in this Complaint, Defendants Officer Jesse Zachinelli and John Doe Officers 1-10, were acting under color of State law, and within the course and scope of their official duties and employment in their capacity as Officers with Defendant CAMDEN COUNTY POLICE DEPARTMENT.

93.     The Defendants named in this Count are "persons" under 42 U.S.C. §1983.

94.     Under the Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff has a clearly established constitutional right to be secure in his person as against unreasonable seizures and the use of excessive force by law enforcement officers, such as the herein named Defendants.

95.     Nonetheless, the herein named Defendants, jointly and severally, deprived Plaintiff of clearly established rights secured to him under the United States Constitution, namely, the Fourth Amendment rights to be free from unreasonable seizures and to be free from the use of excessive force against one's person.

96.     By and through the herein named Defendants engaging in acts of excessive force as more fully articulated previously in this Complaint, the Defendants were, at all times, engaging in conduct that was objectively unreasonable and clearly unconstitutional with respect to the civil rights of the Plaintiff.

97.     Each herein named Defendant was present at the scene of the violation of Plaintiff's constitutional rights, and each herein named Defendant witnessed the use of excessive force upon

Plaintiff by each other herein named Defendants.

98.   Specifically, each herein named Defendants witnessed and participated in the use of excessive force upon the Plaintiff when all herein named Defendants violently slammed Plaintiff to the ground.

99.   As articulated more fully in Count I herein, this specific use of force was unnecessary and excessive and violated Plaintiff's constitutional rights.

100.   Any reasonable law enforcement officer in the position of these Defendants would have known that the force being used against Plaintiff was objectively unreasonable and excessive given the totality of the circumstances.

101.   Each herein named Defendant had a duty to prevent the use of excessive force by each other fellow Defendant.

102.   Each herein named Defendant had a reasonable opportunity to intervene in order to prevent or mitigate injury to Plaintiff, but failed to do so, and in fact, actively participated in the excessive use of force themselves.

103.   Each herein named Defendant failed to take any action to intervene or prevent harm to Plaintiff or stop his fellow officers from violating Plaintiff's constitutional rights, and thereby proximately caused excessive force to be inflicted upon Plaintiff, resulting in injury, and thus, each herein named Defendant is jointly and severally liable for same.

104.   Any reasonable law enforcement officer in the position of the herein named Defendants would have known that the force being used against Plaintiff – especially pulling on the Plaintiff's arm and slamming his head on the trunk of the car – was objectively unreasonable and excessive, and in violation of Plaintiff's constitutional rights, given the totality of the circumstances.

105.   Each herein named Defendant had a duty to intervene and prevent the use of such excessive

force by their fellow trooper.

106.   Each herein named Defendant had a reasonable opportunity to intervene in order to prevent or mitigate injury to Plaintiff, but failed to do so, and in fact, actively participated in allowing the excessive use of force to continue.

107.   Therefore, each herein named Defendant, failed to take any action to intervene and prevent harm to Plaintiff when witnessing a violation of Plaintiff's constitutional rights, and thereby proximately caused excessive force to be inflicted upon Plaintiff, resulting in injury, and thus, each herein named Defendant is jointly and severally liable for same.

108.   This conduct of the herein named Defendants, individually and collectively, as alleged, was the moving force and the proximate and actual cause of Plaintiff's aforementioned injuries.

**COUNT IX**
**VIOLATING THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)**
**(As To Defendants the County of Camden, Camden Police Department, Officer Zachinelli, and John Doe Officers 1-10)**

109.   Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

110.   N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

111.   In addition, N.J.S.A § 10:6-2(c), of the New Jersey Civil Rights Act, states, in pertinent part:

Any person who deprives, interferes or attempts to interfere by threats, intimidation or coercion with the exercise or enjoyment by any other person of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State is liable for a civil penalty for each violation. The court or jury, as the case may be, shall determine the appropriate amount of the penalty. Any money collected by the court in payment of a civil penalty shall be conveyed to the State Treasurer for deposit into the State General Fund.

112.   The defendants violated the civil rights of Plaintiff, while acting under color of State law when they allowed him to be injured when they had clear opportunities to prevent this injury.

113.   The defendants deprived and interfered with the rights of Plaintiff that are granted and secured by the Constitution of the United States and Constitution of the state.

114.   The actions mentioned throughout the complaint create a violation of a cruel and unusual punishment clause of the Fourth Amendment. At all times, Defendants were acting under the color of law and required to obey the constitution.

115.   Plaintiff had a right to be free from cruel and unusual punishment from agents of the Camden Police Department, which was violated when harm was caused by the employees and more importantly, throwing Plaintiff on the car when he was complying, and leaving him in a ho police car with no air conditioning, per Officer Zachinelli and John Doe Officers 1-10.

116.   Plaintiff's rights, as aforesaid, and arising under the Fourteenth Amendment are rights, privileges, or immunities within the meaning of N.J.S.A. 10:6-2(c), and as a direct and proximate result of the unlawful conduct of the Defendants named in this Count, Plaintiff was deprived of his exercise and enjoyment of same.

117.   The New Jersey Civil Rights Act entitles Plaintiff to injunctive relief, damages, and recovery of attorney fees and costs of suit in bringing this action against Defendants, pursuant to N.J.S.A § 10:6-2(f), which provides:

> In addition to any damages, civil penalty, injunction, or other appropriate relief awarded in an action brought pursuant to subsection c. of this section, the court may award the prevailing party reasonable attorney's fees and costs.

## COUNT X
## BATTERY
## (As to Defendants Officer Zachinelli and John Doe Officers 1-10)

118.   Plaintiff repeats all of the allegations contained in the Complaint thus far above, and hereby incorporates same as if fully set forth at length.

119.   Defendant OFFICER ZACHINELLI and JOHN DOE OFFICERS 1-10 intentionally touched the body of Plaintiff in a harmful or offensive manner without his permission.

120.   Defendant OFFICER ZACHINELLI and JOHN DOE OFFICERS 1-10 intentionally grabbled Plaintiff's arm in a harmful manner and threw him on the car without his permission

121.   As a result of Defendants' violence, Plaintiff has been suffering extreme pain, eye contusion, torn rotators cup, and more, all of which he has sought medical treatment for.

## COUNT XI
## "Tortious Conduct of Defendants John Does 1-10 and ABC Entities 1-10"

122.   Plaintiff realleges and incorporates by reference all preceding paragraphs, as if set forth at length herein.

123.   At all times relevant to this action, Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, are fictitious names for individuals and entities whose identities are unknown at present, but who constitute persons, actors, agencies, departments, partnerships, joint ventures, corporations, associations, or other forms of public or private entities, who participated in the

tortious actions of Defendants described herein, whether by way of their negligence or in other ways as of yet undetermined.

124.    As a direct and proximate results of the negligence and/or tortious conduct of Defendants Officers JOHN DOES 1-10 and ABC ENTITIES 1-10, Plaintiff has been caused to suffer, and in fact did suffer, significant damages.

125.    Plaintiff alleges an insufficient opportunity to determine the identity of all individuals or entities whose actions or omissions may be potentially responsible in whole or in part for the damages incurred by Plaintiff.

126.    As such, Plaintiff specifically reserves the right to name additional individuals or entities as Defendants to this action, when and if their identities become known to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steven Carmichael, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. 1988 and/or N.J.S.A § 10:6-2(f); and

3) For such other further relief as the Court may deem equitable and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Steven Carmichael demands a trial by jury on all issues so triable, pursuant to

Rule 38(b) of the Federal Rules of Civil Procedure.


Dated: <u>October 5, 2022</u>


Respectfully Submitted,


**LENTO LAW GROUP, P.A.**

_____

NICHELLE WOMBLE, ESQ.
Florida Bar No. 1032744
LENTO LAW GROUP, P.A.
11555 Heron Bay Blvd., Suite 231
Coral Springs, FL 33076
904.602.9400 (Office)
904.299.5400 (Fax)
nlwomble@lentolawgroup.com
*Attorney for Plaintiff*

**LENTO LAW GROUP, P.C.**

_____

Joseph D. Lento, Esquire
Attorney ID No.: 013252008
LENTO LAW GROUP, P.C.
300 Atrium Way
Mount Laurel, New Jersey  08054
(856) 652-2000-Phone
(856) 375-1010-Facsimile
Email:  jdlento@lentolawgroup.com
*Attorney for Plaintiff*