**BROWN & CONNERY, LLP**
William F. Cook, Esquire
James P. Clancy, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants Camden County Police Department,*
*County of Camden, Chief Gabriel Rodriguez, and Officer Jesse Zachinelli*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| **STEVEN CARMICHAEL,**<br><br>  **Plaintiff,**<br>  vs.<br><br>**CAMDEN POLICE DEPARTMENT,** a governmental entity,<br><br>**COUNTY OF CAMDEN,** a governmental entity,<br><br>**CHIEF OF POLICE GABRIEL RODRIGUEZ,** as an individual and in his official capacity,<br><br>**OFFICER JESSE ZACHINELLI,** as an individual and in his official capacity, and<br><br>**JOHN DOE OFFICERS 1-10 (fictitious names),** in their official capacity<br><br>**ABC Entities 1-10 (fictitious entities),**<br><br>  **Defendants.** | CIVIL ACTION NO. 1-22-cv-05019<br><br><br>**DEFENDANTS CAMDEN COUNTY POLICE DEPARTMENT, COUNTY OF CAMDEN, CHIEF OF POLICE GABRIEL RODRIGUEZ, AND OFFICER JESSE ZACHINELLI'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendants Camden County Police Department (improperly identified as "Camden Police Department"), County of Camden, Chief of Police Gabriel Rodriguez, and Officer Jesse

Zachinelli, ("Answering Defendants"), by way of Answer to Plaintiff's Complaint, state as follows:

### Jurisdiction and Venue

1. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

2. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

3. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

4. Admitted that the Defendant individuals are employed in this District with the Camden County Police Department. Further admitted that the alleged incident is alleged to have occurred in this District. The remaining allegations in this paragraph are conclusions of law, thus no response is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

### Parties

1. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

2. Admitted that Defendant Camden County Police Department operates a headquarters at 800 Federal Street in Camden. Plaintiff is left to his proofs with respect to the remaining allegations of this paragraph and such allegations are denied.

3. Admitted.

4. Admitted that Defendant Chief of Police Gabriel Rodriguez is the Chief of Camden County Police Department. Plaintiff is left to his proofs as to the remaining allegations of this paragraph and such allegations are denied.

5. Admitted that Defendant Officer Zachinelli is a police officer within the Defendant Camden County Police Department. Plaintiff is left to his proofs as to the remaining allegations of this paragraph and such allegations are denied.

6. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

7. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

**General Factual Allegations**

8. Answering Defendants hereby repeat and incorporate by reference each and every response contained above as set forth herein.

9. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

10. Denied as vague.

11. Denied as vague.

12. Denied as vague.

13. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

14. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

15. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

16. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

17. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

18. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

19. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

20. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

21. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

22. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

23. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### Count I
### *Fourth Amendment Unlawful Detainment and Arrest Claim – Defendant Officers*

29. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

30. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

31. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

32. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

33. Admitted that police officers are required to obey the law. The remaining allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required,

Answering Defendants deny the allegations of this paragraph. Plaintiff is left to his proofs with respect to the allegations of this paragraph.

33. Denied.

34. Denied.

35. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## Count II
### *Fourth Amendment Excessive Force Claim – All Defendant Officers*

40. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

41. Admitted.

42. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

43. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

44. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

45. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

46. Denied. This does not accurately, completely, or fairly state the relevant events and full chronology of this matter.

47. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

48. Denied.

49. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## Count III
### *Fourth Amendment Malicious Prosecution Claim – Defendant Officers*

55. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

56. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

57. Denied.

58. Denied.

59. Denied.

60. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

61. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## Count VI
### *Monell Claim – Municipal Liability*
### *For Unconstitutional Custom or Policy*
### *(As to Defendants County of Camden and Chief Gabriel Rodriguez)*

62. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

63. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

64. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count VII
*Monell Claim*
*Failure to Train and Supervise*
*(As to Defendants County of Camden, Chief of Police Gabriel Rodriguez, and Camden County Police Department)*

70. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

71. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

72. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

73.     The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

74.     Denied.

75.     The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

76.     The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

77.     The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied..

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count VIII
### *Fourth Amendment Failure to Intervene Claim – All Defendant Officers*

89. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

90. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

91. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

92. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

93. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

94. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## **Count IX**

### *Violating the New Jersey Civil Rights Act (Section 10:6-2)*
### *(As to Defendants County of Camden, Camden County Police Department, Officer Jesse Zachinelli, and John Doe Officers 1-10)*

109. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

110. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

111. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## Count X

### *Battery*

### *(As to Defendants Officer Jesse Zachinelli and John Doe Officers 1-10)*

118. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

119. Denied.

120. Denied.

121. Denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## Count XI

### *"Tortious Conduct of Defendants John Does 1-10 and ABC Entities 1-10"*

122. Answering Defendants hereby repeat and incorporate by reference each and every response above as if set forth herein.

123. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

124. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

125. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

126. The allegations of this paragraph are not directed at Answering Defendants and/or set forth legal conclusions, thus no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations of this paragraph.

**WHEREFORE**, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint in its entirety and with prejudice, along with an award of attorney's fees, costs, and such other relief as the Court deems appropriate.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, as Defendants are immune by virtue of the good faith exercise of official duties and offices.

2. Plaintiff's claims are barred, in whole or in part, due to absolute immunity.

3. Plaintiff's claims are barred, in whole or in part, due to qualified immunity.

4. Defendants did not act maliciously, intentionally, and/or in a wrongful manner.

5. Defendants complied with all applicable state and federal statutes, regulations, and common law duties.

6. Defendants did not breach or violate any duty or obligation owed, if any.

7. Plaintiff's claims are barred, in whole or in part, because Defendants effectively investigate allegations of improper conduct.

8. Plaintiff's claims are barred, in whole or in part, because Defendants provide effective supervision.

9. Plaintiff's claims are barred, in whole or in part, because Defendants had an effective training program in place at all relevant times.

10. Plaintiff's claims are barred, in whole or in part, because Defendants were adequately trained and/or supervised.

11. The alleged injuries suffered by Plaintiff resulted from Plaintiff's own actions and/or the actions of third parties over whom Defendants had no control and/or no duty to control.

12. At the times and places mentioned in Plaintiff's Amended Complaint, there was no proximate cause between the alleged acts and conduct of Defendants and the alleged damages.

13. Plaintiff cannot establish damages.

14. Plaintiff did not suffer actual damages.

15. Plaintiff did not suffer compensatory damages.

16. Plaintiff did not suffer economic damages.

17. Plaintiff failed to mitigate damages.

18. Plaintiff's damages are barred or limited by collateral sources.

19. Plaintiff is not entitled to punitive damages from Defendants.

20. No punitive damages may be awarded against Defendants since Plaintiff cannot establish by clear and convincing evidence that the actions of Defendants were willful, wanton, evil-minded, or malicious.

21. Plaintiff's claims for punitive damages related to any state law claims are subject to and/or barred by the limitations of *N.J.S.A.* 2A:15-5.14.

22. Plaintiff's recovery is partially or fully barred by the provisions of New Jersey's Comparative Negligence Act or Joint Tortfeasor's Contribution Law.

23. Plaintiff fails to state a claim for which relief may be granted.

24. Plaintiff's claims are barred by the applicable statute of limitations.

25. Plaintiff have failed to join indispensable, necessary, and proper parties.

26. Plaintiff's claims are barred by the doctrines of estoppel, fraud, unclean hands, waiver, preemption, issue preclusion, claim preclusion, and/or the entire controversy doctrine.

27. Defendants assert all defenses, immunities, and procedures set forth in the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 to 12-3.

28. Defendants were acting in their capacity as a police officer, thus Plaintiff's claims are barred by the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 to 12-3.

29. Plaintiff's claims are barred by the procedural and substantive provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 to 12-3, and thus, Defendants are immune from Plaintiff's claims of liability or damages.

30. Plaintiff's claims are barred, in whole or in part, and by any/all provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 to 12-3, due to Plaintiff's failure to comply with the said provisions, including as if listed herein separately and particularly each and every section identified and encompassed therein and/or the immunities provided to Defendant(s) under the aforementioned provisions.

                                            Respectfully submitted,

Dated: October 20, 2022              **BROWN & CONNERY, LLP**
                                            *Attorneys for Defendants*

                                      By:   */s/ William F. Cook*
                                                William F. Cook, Esq.

## RESERVATION OF DEFENSES AND OBJECTIONS

Defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

Respectfully submitted,

Dated: October 20, 2022     **BROWN & CONNERY, LLP**
*Attorneys for Defendants*

By: /s/ William F. Cook
William F. Cook, Esq.

## JURY TRIAL DEMAND

A jury trial is demanded as to all issues raised.

Respectfully submitted,

Dated: October 20, 2022     **BROWN & CONNERY, LLP**
*Attorneys for Defendants*

By: /s/ William F. Cook
William F. Cook, Esq.

## DESIGNATION OF TRIAL COUNSEL

William F. Cook, Esquire and James P. Clancy, Esquire are designated as trial counsel for Defendants in this action.

Respectfully submitted,

Dated: October 20, 2022     **BROWN & CONNERY, LLP**
*Attorneys for Defendants*

By: /s/ William F. Cook
William F. Cook, Esq.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

In accordance with L. Civ. R. 11.2, I certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated: October 20, 2022

**BROWN & CONNERY, LLP**
*Attorneys for Defendants*

By: /s/ William F. Cook
William F. Cook, Esq.