## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN CARMICHAEL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CAMDEN POLICE DEPARTMENT,** a governmental agency,<br><br>**COUNTY OF CAMDEN,** a governmental agency,<br><br>**CHIEF OF POLICE GABRIEL RODRIGUEZ,** as an individual and in his official capacity,<br><br>**OFFICER JESSE ZACHINELLI,** as an individual and in his official capacity, and<br><br>**JOHN/JANE DOE OFFICERS 1-10** (fictitious names), in their official capacity,<br><br>**ABC ENTITIES 1-10** (fictitious entities),<br><br>    **Defendants.** | CIVIL ACTION NO. 1:22-cv-05019<br><br><br>**JOINT PROPOSED DISCOVERY PLAN** |

7IL2971

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Lento Law Group P.C.**
Joseph D. Lento, Esquire
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (856) 652-2000
Fax: (856) 375-1010
jdlento@lentolawgroup.com
*Attorney for Plaintiff*

**Lento Law Group, P.A.**
Nichelle L. Womble, Esquire
11555 Heron Bay Blvd., Suite 231
Coral Springs, FL 33076
Phone: (904) 602-9400
Fax: (904) 299-5400
nlwomble@lentolawgroup.com
*Attorney for Plaintiff*

**BROWN & CONNERY, LLP**
William F. Cook, Esq.
Andrew S. Brown, Esq.
James P. Clancy, Esq.
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900
Fax: (856) 858-4967
wcook@brownconnery.com
abrown@brownconnery.com
jclancy@brownconnery.com
*Attorneys for Defendants Camden County Police Department, County of Camden, Chief Gabriel Rodriguez, and Officer Jesse Zachinelli*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **Plaintiff alleges that on August 20, 2020, he was unlawfully detained and arrested by Camden County Police.  Plaintiff also alleges violations of his Fourth Amendment rights through excessive force, malicious prosecution and violations of his Eighth Amendment rights through cruel and unusual punishment.  Defendants deny Plaintiff's claims and assert affirmative defenses**.

3. Have settlement discussions taken place?  **No.**

   (a) What was plaintiff's last demand?
       (1) Monetary demand: None.
       (2) Non-monetary demand:
   (b) What was defendant's last offer?
       (1) Monetary demand: None.
       (2) Non-monetary demand:

4. The parties **have** met pursuant to Fed.R.Civ.P. 26(f) on **November 1-8, 2022.**

5. The parties **will** exchange the information required by Fed.R.Civ.P. 26(a)(1) **on or before December 1, 2022.**

6. Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).

   **None.**

7. The parties **have not** conducted discovery other than the above disclosures.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   1. Any and all factual assertions in Plaintiff's Complaint.
   2. Any and all damages asserted by Plaintiff.
   3. Defendants' defenses.

   (b) Discovery **should not** be conducted in phases or be limited to particular issues.

   (c) Proposed schedule:

   (1) Fed.R.Civ.P. 26 Disclosures on or before **December 1, 2022**

   (2) E-Discovery conference pursuant to L.Civ.R.26.1(d) **December 1, 2022**

   (3) Service of initial written discovery on or before **December 8, 2022**

   (4) Maximum of **25** Interrogatories by each party to each other party.

   (5) Maximum **10** depositions to be taken by each party.

   (6) Motions to amend or add parties to be filed by **January 31, 2023**

   (7) Factual discovery to be completed by **June 30, 2023**

   (8) Plaintiff's expert report due: **July 31, 2023**

   (9) Defendant's expert report due: **August 31, 2023**

   (10) Expert depositions to be completed by **September 29, 2023**

   (11) Dispositive motions to be served **October 31, 2023**

   (d) Set forth any special discovery mechanism or procedure requested.

   **None.**

3

    (e)    A pretrial conference may take place on a date the Court deems appropriate.

    (f)    Trial date: **To be determined.**

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?

    **None.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    **No.**

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    **Yes.**

12. Do you anticipate any discovery problem(s) not listed above?

    **No.**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc).

    **Not at this time.**

14. Is this case appropriate for bifurcation?

    **Defendants reserve the right to move for bifurcation of trial.**

15. An interim status/settlement conference (with clients in attendance), should be held **after disposition of motions *in limine*.**

16. We **do not** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **None.**

      */s/ Joseph D. Lento*
_____
Joseph D. Lento, Esq.
*Attorney for Plaintiff*

      */s/ Nichelle L. Womble*
_____
Nichelle L. Womble, Esq.
*Attorney for Plaintiff*


*/s/ William F. Cook*
_____
William F. Cook, Esq.
*Attorney for Defendants Camden County Police Department, County of Camden, Chief of Police Gabriel Rodriguez, and Officer Jesse Zachinelli*